MICHAEL N. FEUER, City Attorney
THOMAS H. PETERS, Chief Assistant City Attorney
ERIC BROWN, Deputy City Attorney (State Bar No. 170410)
Email: Eric.Brown@lacity.org
200 North Main Street, 6th Floor
Los Angeles, California 90012
Telephone: 213.978.7508
Facsimile: 213.978.7011

Attorneys for Defendant CITY OF LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL MITCHELL, MICHEAL ESCOBEDO, SALVADOR ROQUE, JUDY COLEMAN, as individuals; LOS ANGELES CATHOLIC WORKER, CANGRESS, as organizations,<br><br>PLAINTIFFS,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity; LT. ANDREW MATHIS, SGT. HAMER and SGT. RICHTER, in their individual and official capacities,<br><br>DEFENDANTS. | CASE NO. CV16-01750 SJO (JPRx)<br>*[Assigned to the Honorable S. James Otero, Courtroom 1]*<br><br>**CITY OF LOS ANGELES' CLARIFICATION TO PLAINTIFFS' EX PARTE APPLICATION TO FILE MOTION TO STRIKE UNDER SEAL; DECLARATION OF ERIC BROWN**<br><br>Date: none<br>Time: none<br>Place: Courtroom 1 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

At 1:13 p.m. this afternoon, Plaintiffs filed an ex parte application to file an ex parte application to strike publicly filed documents, or to seal those documents. Plaintiffs have represented that "Defendants do not oppose our filing the underlying

1

**CITY OF LOS ANGELES' CLARIFICATION OF PLAINTIFFS' EX PARTE APPLICATION TO FILE AN APPLICATION UNDER SEAL**

Ex Parte Application to Strike under Seal." Application at 2:15-16.

That statement is not accurate. As explained in the declaration of Eric Brown submitted herewith, the City's representation was, "We do not believe there are grounds to make the request to strike under seal. Accordingly, we will not stipulate to that form of filing. [¶] However, as a professional courtesy, if you make the request to the Court to file under seal, we will not oppose it." In other words, the City does not agree to Plaintiffs filing their application under seal. The City expects Plaintiffs to present authority to the Court as to why the document should be filed under seal. If the Court then allows the filing under seal of the ex parte application to strike the publicly filed documents, so be it.

DATED: April 7, 2016         MICHAEL N. FEUER, City Attorney
                             THOMAS H. PETERS, Chief Asst. City Attorney
                             ERIC BROWN, Deputy City Attorney


                       By:   /S/ Eric Brown
                             ERIC BROWN
                             Deputy City Attorney

                             Attorneys for Defendant
                             CITY OF LOS ANGELES

## DECLARATION OF ERIC BROWN

I, Eric Brown, declare as follows:

1. I am an attorney duly licensed to practice law before all of the courts of this district, and am a Deputy City Attorney in the Office of the Los Angeles City Attorney, attorneys of record for Defendant City of Los Angeles. I have personal knowledge of the facts contained herein, and if called to testify about those facts, I could and would do so competently.

2. Earlier today, I received an email from Catherine Sweetser, one of the attorneys for Plaintiffs. Ms. Sweetser wanted to know whether I would stipulate to her filing, under seal, an application to strike certain documents that the City filed in opposition to Plaintiffs' TRO. I did not find her authorities to support the request.

3. However, I informed Ms. Sweetser, "We do not believe there are grounds to make the request to strike under seal. Accordingly, we will not stipulate to that form of filing. [¶] However, as a professional courtesy, if you make the request to the Court to file under seal, we will not oppose it." A true and correct copy of my email exchange with Ms. Sweetser is attached hereto as Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 31st day of March, 2016, at Los Angeles, California.

_____
Eric Brown, Declarant

3

**CITY OF LOS ANGELES' CLARIFICATION OF PLAINTIFFS' EX PARTE APPLICATION TO FILE AN APPLICATION UNDER SEAL**

Carl Mitchell, et al v. City of Los Angeles
USDC Case No. CV16-01750 SJO

# EXHIBIT A



Eric Brown <eric.brown@lacity.org>

# Re: Mitchell v. City of Los Angeles
1 message

**Eric Brown** <eric.brown@lacity.org>　　　　　　　　　　　　　　　　　Thu, Apr 7, 2016 at 11:17 AM
To: Catherine Sweetser <catherine.sdshhh@gmail.com>
Cc: Thomas Peters <thom.peters@lacity.org>, Carol Sobel <carolsobel@aol.com>, Shayla Myers <SMyers@lafla.org>, Terry Lee <terry.lee@lacity.org>

Catherine,

We do not believe there are grounds to make the request to strike under seal. Accordingly, we will not stipulate to that form of filing.

However, as a professional courtesy, if you make the request to the Court to file under seal, we will not oppose it.

Eric

> On Thu, Apr 7, 2016 at 10:51 AM, Catherine Sweetser <catherine.sdshhh@gmail.com> wrote:
> I understand that you oppose our application on grounds that there is not good cause to assume that publicly filing videos of Plaintiffs informing on specific individuals endangers them. We will file our ex parte application as soon as possible and inform the court that you oppose it. Do you also oppose our application to file the application to strike under seal to avoid further discussing these matters publicly, or do you only oppose the underlying application?
>
>> On Thu, Apr 7, 2016 at 10:41 AM, Eric Brown <eric.brown@lacity.org> wrote:
>> Catherine,
>>
>> In the case you cite, the police were accused of "*falsely* disclosing to Vineland Boyz gang member Jose Ledesma ("Ledesma") that Martha Puebla had identified him in a six-pack photo lineup as the killer of Christian Vargas ('Vargas') during an interrogation in December 2002. *Rauda v. City of L.A.*, 2010 U.S. Dist. LEXIS 138837, 1-2 (C.D. Cal. 2010) (emphasis added). The City did not falsely accuse either Roque or Coleman (the two plaintiffs in question), they actually are identifying persons committing crimes and they are doing it on video. Nor did the City seek information or help in prosecution from either Roque or Coleman: each voluntarily gave information and asked for nothing in return. And as a further distinction from *Rauda*, the City did not provide information to the people being informed on of what the plaintiffs have done. The City filed a document in federal court which responds to the issues raised in the TRO; the statements the plaintiffs find offensive are merely part of the overall exhibit which responds.
>>
>> In their declarations, Plaintiffs very publicly accused the City of wrongdoing. Without a compelling legal or factual reason to do so, we do not see why our response, including the actions of your clients conducted on a public street or in a police station in which their is no expectation of privacy without more facts than shown here, should not be public also.
>>
>> So, if you were planning to rely upon authority more on point than *Rauda*, can you forward it?
>>
>> Thank you,
>>
>> Eric
>>
>>> On Thu, Apr 7, 2016 at 9:42 AM, Catherine Sweetser <catherine.sdshhh@gmail.com> wrote:
>>> (I am resending this email as I inadvertently omitted a subject line in the version just sent.)
>>>
>>> Dear Eric and Thom,

It has come to Plaintiffs' counsel's attention that your documents which were filed publicly yesterday in Mitchell v. City of Los Angeles include two videos of two of our clients informing the police privately about drug activity and drug dealing on Skid Row, including naming specific individuals. The declaration which was filed also describes them in detail, and the title of one of the videos describes our client as "snitching." Obviously, the release of videos and the public electronic filing of the descriptions of the videos severely prejudices the rights of our clients and violate the Constitution. Moreover, these videos and their descriptions have nothing at all to do with the issues in this case— for example, whether or not a person provided information about drug deals in an interview or approached a police car to report an ongoing crime has nothing to do with whether a police officer was justified in destroying their belongings.

Plaintiffs believe the public release of those videos to be both retaliatory and violative of their clearly established constitutional rights as in Rauda v. City of Los Angeles, 2010 WL 5375958. This action is particularly unconscionable given that the City routinely refuses to disclose the names of informants to plaintiffs without a protective order in place because of the supposed prejudice to those informants. The City has now made public our clients' assistance to the police. It appears that this was done in retaliation for their bringing a lawsuit to protect their constitutional rights.

Plaintiffs intend to ask the court to strike these videos and their electronically filed descriptions in the declarations from the public docket. We ask that Defendants agree not to oppose the application to strike these documents from the public record. If Defendants agree to this, we will agree not to oppose their refiling under seal.

In any event, whether or not defendant will agree to the underlying motion to strike, we request that Defendant agree to stipulate to allow Plaintiffs to file the motion to strike itself under seal to avoid further prejudice to the rights of plaintiffs.

Please get back to us as soon as possible, preferably before noon today. I will also call you this morning to discuss this.

Sincerely,
Catherine Sweetser

--

Schonbrun Seplow Harris & Hoffman LLP
723 Ocean Front Walk
Venice, CA 90291
310.396-0731
fax:310.399-7040
www.losangelesemploymentlawyer.com
www.sshhlaw.com




--
Eric Brown
Deputy City Attorney
Office of the Los Angeles City Attorney
Business & Complex Litigation
200 N. Main Street, 6th Floor
Los Angeles, CA 90012
(213) 978-7508

*****************Confidentiality Notice *************************
This electronic message transmission contains information
from the Office of the Los Angeles City Attorney, which may be confidential or protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, be aware that any disclosure, copying,
distribution or use of the content of this information is prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message and any attachments without reading or saving in any manner.

*******************************************************************

--
Schonbrun Seplow Harris & Hoffman LLP
723 Ocean Front Walk
Venice, CA 90291
310.396-0731
fax:310.399-7040
www.losangelesemploymentlawyer.com
www.sshhlaw.com

--
Eric Brown
Deputy City Attorney
Office of the Los Angeles City Attorney
Business & Complex Litigation
200 N. Main Street, 6th Floor
Los Angeles, CA 90012
(213) 978-7508