**MICHAEL N. FEUER, City Attorney**
**THOMAS H. PETERS, Chief Assistant City Attorney**
**ERIC BROWN, Deputy City Attorney (State Bar No. 170410)**
**Email: Eric.Brown@lacity.org**
**200 North Main Street, 6th Floor**
**Los Angeles, California 90012**
**Telephone: 213.978.7508**
**Facsimile: 213.978.7011**
**Attorneys for Defendant CITY OF LOS ANGELES**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL MITCHELL, MICHEAL ESCOBEDO, SALVADOR ROQUE, JUDY COLEMAN, as individuals; LOS ANGELES CATHOLIC WORKER, CANGRESS, as organizations, <br><br> PLAINTIFFS, <br><br> v. <br><br> CITY OF LOS ANGELES, a municipal entity; LT. ANDREW MATHIS, SGT. HAMER and SGT. RICHTER, in their individual and official capacities, <br><br> DEFENDANTS. | CASE NO.  CV16-01750 SJO (JPRx) <br> [*Assigned to the Honorable S. James Otero, Courtroom 1*] <br><br> **CITY OF LOS ANGELES' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO STRIKE AND/OR SEAL PUBLICLY FILED DOCUMENTS** <br><br> **Date:  none** <br> **Time:  none** <br> **Place:  Courtroom 1** |

    **COMES NOW** Defendant, City of Los Angeles, and opposes the Plaintiffs'
request to strike and/or seal publicly filed documents, on the following grounds.

/ / /

/ / /

/ / /

1

**OPPOSITION TO EX PARTE EX PARTE TO STRIKE AND/OR SEAL DOCUMENTS**

# INTRODUCTION

Plaintiffs have misconstrued existing authority to find a basis for striking or sealing videos, and those persons depicted in the videos do not come close to meeting the recognized legal definition of "informant." Richard Roque and Judy Coleman approached officers on a public street or in a police station and reported crimes. They are no more "informants" than someone who calls a police station to report a crime.

As explained below, the authority Plaintiffs cite as grounds for their application either do not apply, or do not explain how those depicted in the videos should have had a reasonable expectation of privacy either on the public street or the police station.

# ARGUMENT

## I.   Plaintiffs did not have a reasonable expectation of privacy in their conversations on a public street or in a police station.

Courts have long recognized that anything a person "knowingly exposes to the public, even in his own home or office," is not subject to a reasonable expectation of privacy. *See U.S. v. Choate*, 576 F.2d 165, 175 (9th Cir. 1978).

Both videos challenged in this ex parte were recorded in public forums where Plaintiffs did not have a reasonable expectation of privacy.  Notably, Plaintiffs provide no authority establishing that they even had reasonable expectations of privacy in these situations, because those expectations did not exist.  A sentence about Coleman's lowered voice is insufficient.  In Coleman's case, Lieutenant Mathes was wearing his bodycam in plain sight, and at no time in the depicted videos did Coleman request to have the conversation be private, nor did any party to the conversation attempt to move the conversation to a more private location.  Plaintiffs have failed to meet their burden demonstrating some air of privacy.

The case law Plaintiffs cite does not support a contrary finding.  In the *Rauda v. City of L.A.* case Plaintiffs cite, the police were accused of "*falsely* disclosing to

2

Vineland Boyz gang member Jose Ledesma … that Martha Puebla had identified him in a six-pack, photo lineup as the killer of Christian Vargas … during an interrogation in December 2002." 2010 U.S. Dist. LEXIS 138837 at 1-2 (C.D. Cal. 2010). Similarly, the *U.S. v. Abuhamra* case concerns the informant privilege, which does not apply here. 389 F.3d 309, 324 (2d Cir. 2004).

The City did not falsely accuse either Roque or Coleman. Each actually is identifying persons committing crimes, and they are doing it knowingly on video. The City did not seek information or help in prosecution from either Roque or Coleman; each voluntarily gave information and asked for nothing in return. And as a further distinction from *Rauda*, the City did not provide information to the people being informed on of what the plaintiffs have done. The City filed a document in federal court which responds to the issues raised in the TRO; the statements the Plaintiffs find offensive are merely part of the overall exhibit which responds.

Accordingly, denial of the Plaintiffs' ex parte application is proper.

## II. The videos are not readily accessible by the public and do not pose the kind of danger to safety Plaintiffs claim.

The City has not filed, but lodged, the challenged videos with the Court. It is the City's understanding of the district court's procedures that the videos can only be accessed through special motion. They are not readily available on the Court's website, through a simple Google search, or any part of the internet at large for anybody from the public to access. The City fails to see how Coleman or Roque could be facing the level of public endangerment that Plaintiffs claim.

For this additional reason, the court should deny the ex parte application.

## CONCLUSION

In the declarations attached to their application for a TRO, Plaintiffs very publicly accused the City of wrongdoing. Absent authority otherwise, the City's response should not be public also. The City respectfully requests that this Court deny the Plaintiffs' Ex Parte Application to Strike and/or Seal Publicly Filed

**OPPOSITION TO EX PARTE EX PARTE TO STRIKE AND/OR SEAL DOCUMENTS**

Documents.

DATED: April 7, 2016          MICHAEL N. FEUER, City Attorney
                              THOMAS H. PETERS, Chief Asst. City Attorney
                              ERIC BROWN, Deputy City Attorney


                              By:   ___/s/ Eric Brown_____
                                    ERIC BROWN
                                    Deputy City Attorney

                              Attorneys for Defendants
                              CITY OF LOS ANGELES

4

**OPPOSITION TO EX PARTE EX PARTE TO STRIKE AND/OR SEAL DOCUMENTS**