CAROL A. SOBEL SBN 84483
LAW OFFICE OF CAROL A. SOBEL
3110 Main Street, Suite 210
Santa Monica, California 90405
t. 310 393-3055 f. 310 451-3858
e. carolsobel@aol.com

FERNANDO GAYTAN SBN 224712
SHAYLA R. MYERS SBN 264054
LEGAL AID FOUNDATION OF LOS ANGELES
7000 S. Broadway
Los Angeles, California 90003
t. 213 640-3983   f. 213 640-3988
e. smyers@lafla.org

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CARL MITCHELL, et al., | CASE NO:cv 16-01750 SJO (JPRx) |
| Plaintiffs, | DECLARATION OF CAROL SOBEL IN SUPPORT OF PLAINTIFFS' REPLY RE A TEMPORARY RESTRAINING ORDER |
| v. | |
| CITY OF LOS ANGELES, et al., | |
| Defendants. | Date: None<br>Time: None<br>Ctrm: 1 |

Plaintiffs submit the Declaration of Carol Sobel and attached Exhibit    .

**DECLARATION OF CAROL A. SOBEL**

# DECLARATION OF CAROL A. SOBEL

1. I am an attorney admitted to practice before the Supreme Court of California and the United States District Court for the Central District of California, among other federal courts. I am an attorney for the Plaintiffs in this action. I have personal knowledge of the facts set forth below and, if called to testify to those facts, could and would do so competently.

2. On the morning of Thursday, March 24, 2016, I accompanied Plaintiff Salvador Roque to the Central Community Police Station. I did so in response to a telephone call I received on March 22, 2016 from Deputy City Attorney Eric Brown, informing me that Mr. Roque's property was now available at Central.

3. Defendants submitted a video as Exhibit "I" to their Opposition. I have reviewed the video. It captures my discussion with Lt. Mathes and some of my first telephone discussion with Deputy City Attorney Eric Brown. It does not capture my second telephone conversation with Mr. Brown or my subsequent telephone discussion with Chief Assistant City Attorney Thomas Peters, who supervises the City Attorney's Civil Division.

4. Based on my telephone discussion with Mr. Peters on March 24, 2016, while I was still in the lobby of Central Station, on March 27, 2016 I wrote and sent the letter attached as Exhibit 1 to my declaration. The letter recounts my mental impressions of what occurred that morning and sets forth the same position articulated at the police station: that Plaintiff wanted to note on the form he was being asked to sign that most of the items in the two bags tagged with his name were not his and that, except for a single comforter, his property was not included in what was being given to him.

5. I transmitted the letter to Mr. Peters by email at approximately 9 p.m. on March 27, 2016. Also transmitted with the letter were the photographs

DECLARATION OF CAROL SOBEL    2

1  of Mr. Roque's property taken in the police station and submitted as Exhibit 8A
2  and 8B.
3      6.   Since sending my letter on March 27, 2016, I have received no
4  response from the City on the request that Plaintiff be permitted to note on the
5  form that he had not received all of his property.

7      I declare under penalty of perjury that the foregoing is true and correct.
8  Executed this 7th day of April, 2016 at Santa Monica, California.

10                    /s/    Carol A. Sobel
                    CAROL A. SOBEL

DECLARATION OF CAROL SOBEL   3

**EXHIBIT 1 TO SOBEL DEC**

**LAW OFFICE OF CAROL A. SOBEL**
3110 Main Street, Suite 210
Santa Monica, California 90405
T. 310 393 3055  E. carolsobel@aol.com

March 27, 2016

Thomas Peters
Chief Asst. City Attorney, Civil Division
City Hall East
200 N. Main Street, 8th Floor
Los Angeles, California 90012

    Re: *Mitchell v. City of Los Angeles*

Dear Thom:

    Thank you for taking my call on Thursday. As you requested, I am setting out the issues in this letter. I hope we can resolve the impasse in this matter.

    On Tuesday, I received a call from Eric Brown, telling me that the property of one of the plaintiffs in the *Mitchell* case, Salvador Roque, had been located and could be picked up at Central Community Station on Wednesday or Thursday. Eric asked that I go with my client to pick up the property. I told Eric that I would pick up the property on Thursday morning. Eric informed me that I should ask for Lt. Mathis.

    Significantly, Mr. Roque spent a month attempting to find out where his property was and get it back before I was notified the property was now at Central Station, one of the locations Mr. Roque had gone to multiple times trying to recover his property.

    When my client and I arrived at Central Station, I asked for Lt. Mathis. Eventually, he came out to the lobby with two non-uniform employees. Using a dolly, they brought out two large bags of property. Mr. Roque's bicycle was also brought out to the lobby.

    The plastic bags were transparent. Each was tagged with a label with Mr. Roque's name and the date of the incident. Attached are photographs of the bags and bike. A significant amount of the property in the two bags and tagged as Mr. Roque's is appears to be the property of his neighbor, Mr. Aguirre.

    Lt. Mathis had a form for the receipt of the property that he asked me or Mr. Roque to sign. I responded that I wanted Mr. Roque to go through the bags and see what was missing before he signed for the property. Lt. Mathis said that was not possible. So, as an alternative, I said that Mr. Roque would note on the form what appeared to be missing and both he and Lt.

Thomas Peters
March 27, 2016
Page 2

Mathis could initial the notation so we would know the notation was made at the station. Lt. Mathis rejected that approach as well. His response was "That is not how it is done."

    I explained to Lt. Mathis that Mr. Roque would not sign for the property unless he could note that it was not all there at the time. The obvious issue is, if the missing property is not noted when it is received from the police, Lt. Mathis or others could contend later that Mr. Roque did not notify them at the time that anything was missing, so he must not be telling the truth.

    When Lt. Mathis refused to let Mr. Roque note on the form that property was missing, we both called the City Attorney's office. Lt. Mathis had Eric's number on his cell phone. I did not, so I called Karla Cortez, who transferred me to you, and your assistant then told me you said to speak to Eric. I had two conversations with Eric and the last was, essentially, Lt. Mathis said that is not how the LAPD deals with returning property. That response was unsatisfactory to me, so then I called your office again and spoke to you.

    So, that is where we are at. We did not take the property last Thursday since Lt. Mathis conditioned release of the property on Mr. Roque signing that he received his property without reservation.

    We hope we can resolve this promptly. Thank you in advance for your attention to this matter.

Sincerely,

Carol Sobel