CAROL A. SOBEL SBN 84483
LAW OFFICE OF CAROL A. SOBEL
3110 Main Street, Suite 210
Santa Monica, California 90405
t. 310 393-3055 f. 310 451-3858
e. carolsobel@aol.com

FERNANDO GAYTAN SBN 224712
SHAYLA R. MYERS SBN 264054
LEGAL AID FNDN OF LOS ANGELES
7000 S. Broadway
Los Angeles, California 90003
t. 213 640-3983   f. 213 640-3988
e. smyers@lafla.org

ATTORNEYS FOR PLAINTIFFS

(Additional Counsel on Next Page)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CARL MITCHELL, et al., | CASE NO:cv 16-01750 SJO (JPRx) |
| Plaintiffs, | PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS |
| v. | |
| CITY OF LOS ANGELES, et al., | Date: None |
| Defendants. | Time: None |
| | Ctrm: 1 |
| | Action filed: March 14, 2016 |

PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS

Plaintiffs file their Response to Defendant City of Los Angeles' Objections to Plaintiffs' Evidence.  *See* Doc. 38-3.

## OBJECTIONS TO ARES DECLARATION

| | CITY OBJECTION | PLAINTIFFS' RESPONSE |
|---|---|---|
| 1 | Ares Decl. ¶9, lines 16-24<br><br>Statements about what he hears from community members or LA CAN members that "there are more law enforcement arresting people" are inadmissible.<br><br>Obj: FRE 801, 802 (inadmissible hearsay) FRE 602 (speculation, lack of foundation, lack of personal knowledge) | The statement "[w]hen we see or hear from community members ... that there are more law enforcement arresting people" is not hearsay and is thus admissible.  It is not offered for the truth of that statement [FRE 801(c)] but as foundation for the second half of the sentence: "we prioritize using our resources to spending more time on Community Watch[,]" which explains the reason for increasing Community Watch, a condition of the declarant's then-existing state of mind.  FRE 803(3). |
| 2. | Ares Decl. ¶10, lines 26-28, lines 1-3 (next page)<br><br>Ares makes conclusory, speculative statements about LAPD arresting people "regularly in Skid Row" and Sanitation "seiz[ing] and destroy[ing] people's property without personal knowledge of these facts. | This non-hearsay statement is admissible for two reasons: it is not offered for the truth of the statement but as the basis for why Plaintiff LA CAN has increased its Community Watch functions over the past several months as compared to the amount of time spent |

PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS                  1

| | | | |
|---|---|---|---|
| | | Obj: FRE 602 (speculation, lack of foundation, lack of personal knowledge); Local Rule 7-7 (inadmissibly devoid of factual matter); FRE 701, 702 (improper opinion). *See e.g., AA v. Raymond* 2013 U.S. Dist. LEXIS 102459 at *21 (E.D. Cal. July 22, 2013) (sustaining objections to improper lay opinion on a motion for preliminary injunction). | previously, as explained in para. 9 of Ares' declaration. FRE 801, 803(3). It is not opinion but, rather, is based on personal observation on the dates set forth in the Ares declaration at p. 3, ¶ 10 lines 4-6. *Id.* |
| | 3 | Ares Decl. ¶ 12, lines 19-20; Ex. 6a-f<br><br>Obj: A tent being in "new and good condition" is not relevant whether property is allowed to be taken, and Ares did not personally see when the tent was "sliced through and destroyed." FRE 402 (irrelevant); FRE 602 (speculation, lack of foundation, lack of personal knowledge). | This is an incorrect paraphrase of Ares' declaration: he attested that he "saw one of the people in the hazmat suits, whose last name is Miller, slicing through a tent, which appeared ... to be new and in good condition before it was sliced through and destroyed." Lines 18-20. Ares took the photographs attached at Exhibit 6 A-F, showing the tent being cut all around. His declaration attests to his personal observations. Ares. Decl. ¶ 12, lines 21-22. *See also United States v. Clayton*, 643 F.2d 1071, 1074 (5th Cir. 1981). FRE 901(a), 1001, 1003 (authentication and admissibility of photographs). The photos depict a relevant scene as it appeared at a relevant time. FRE 401, 402, 901(a). |
| | 4. | Ares Decl. ¶¶ 13, lines 25-28; 15, lines 18- | There is nothing in Ares Decl. ¶ |

PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS     2

| | | |
|---|---|---|
| | 22; 17, lines 5-10 | 13 about Plaintiff Judy Coleman. Paragraph 13 attests to what Ares observed and the information contained in the video taken by Ares and submitted as Exhibit 14. Videos are authenticated in the same manner as a still photograph. *Saturn Manufacturing, Inc. V. Williams Patent Crusher and Pulverizer Company*, 713 F.2d 1347, 1357 (8th Cir. 1983). FRE 901. |
| | Declarant's statements about what he heard other people tell LAPD and City employees, and what Ms. Judy Coleman said to someone over the phone are inadmissible. Paragraph 13 also lacks foundation. | |
| | Obj: FRE 801, 802 (inadmissible hearsay); FRE 602 (speculation, lack of foundation, lack of personal knowledge) | |
| | | The statement in Ares' Decl. ¶15 regarding Ms. Coleman's phone call to LAPD ("I was able to hear Ms. Coleman talk on the phone…") is not offered for the truth of the matter asserted, but to explain the motive and intent for his subsequent action of driving her to Central Division to assist her in attempting to recover her property ("Based on this information, I drove Ms. Coleman to the Central Division on Wall Street…"). FRE803(3). Similarly, the statement in Ares' Decl. ¶ 17 is not offered for its truth, but to explain declarant's subsequent action in going with Coleman to the Metropolitan Detention Center. *See* Ares Decl. ¶ 18, lines 11-13. |
| 5. | Ares Decl. ¶20, lines 8-10 | The statement is admissible |

PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS        3

| | | |
|---|---|---|
| 1 | What Ares was told over the phone is hearsay. | non-hearsay as a party admission offered against the Defendant. FRE 801(d)(2). |
| 2 | | |
| 3 | Obj: FRE 801, 802 (inadmissible hearsay) | |
| 4 | | Moreover, the testimony is admissible on the basis that the declarant has attested that the call was made to a telephone number posted on the LAPD storage facility and identified as the phone number for a place of business and the conversation related to business reasonably transacted over the telephone. FRE 901(b)(6); *see* Exhs. 17B and 17C (depicting storage signs). |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |

## OBJECTIONS TO CERVANTES DECLARATION

| | | |
|---|---|---|
| 15 | 1.  Cervantes Decl. ¶5 | The declarant distinguished between police officers and someone "who did not look like he worked for the LAPD" but who was going through her property. Striking her impression of the person is unnecessary, but even if the descriptive clause is stricken as speculative, her description of what she observed and the rest of the paragraph is admissible. |
| 16 | | |
| 17 | Obj: Declarant's statement about "a man who did not look like he worked for the LAPD" is speculative and lacks foundation. FRE 602 (speculation, lack of foundation, lack of personal knowledge). | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | 2.  Cervantes Dec. ¶¶ 9-10 | The statements are admissible as a party admission offered against the Defendant. FRE 801(d)(2). |
| 25 | | |
| 26 | Obj: Cervantes' statements about what she was told at the storage facility and by the Department of Sanitation is inadmissible. FRE 801, 802 (inadmissible hearsay) | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 3. | Cervantes Dec. ¶ 11<br><br>Obj: Cervantes makes speculative statements based on her beliefs about what could have happened.  FRE 602 (speculation, lack of foundation, lack of personal knowledge | The statement is not speculation; it is based on what Cervamtes did. She attested that she tried to get her property and was prevented from doing so by the police. Cervantes Decl. ¶ 5. No objection has been made to that portion of ¶ 5, which provides foundation and personal knowledge. FRE 602 |

## OBJECTIONS TO COLEMAN DECLARATIONS

| | | |
|---|---|---|
| 1. | Coleman Decl. ¶4, lines 11-12<br><br>Obj. FRE 602 (speculation, lack of foundation, lack of personal knowledge); FRE 702 inadmissible legal opinion) | This statement is admissible pursuant to FRE 701 as to why Coleman awoke and moved her property.  FRE 701. It is not specialized knowledge that goes to an ultimate issue in this action. |
| 2. | Coleman Decl. ¶¶ 5, lines 13-14; 6, lines 17-18, 8, lines 20-22<br><br>Obj: FRE 801, 802 (inadmissible hearsay) | Statements attributed to the officers to move the property off of Towne are not offered for their truth; rather, they are offered for Coleman's then state of mind that she needed to - and did - move her property. FRE 803(3)  Any statement by Lt. Mathis is a non-hearsay admission by an opposing party.  FRE 801(d)(2). |
| 3. | Coleman Decl. ¶ 13, lines 20-22. Coleman's statements about what she "felt" if she had not signed the receipt handed her. | This statement is based on Coleman's personal knowledge of her then-existing emotion. FRE 602, 803(3). |

PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS         5

| | | |
|---|---|---|
| | Obj: FRE 602 (speculation, lack of foundation, lack of personal knowledge) | |
| 4. | Coleman Decl. ¶ 15, lines 1-2, 6-7<br><br>Obj: Declarant's [sic] did not see her property being taken and the statement about the TV are irrelevant. FRE 602 (speculation, lack of foundation, lack of personal knowledge). | Plaintiff attested only that, when she was released from jail and returned to 5th & Towne, her poperty was gone. That is a personal observation. FRE 602.  Foundation is further provided by "Excess Property Receipt" Coleman was given when she was released, which purported to direct her to the location where she could reclaim her property and how long she had to do so. Coleman Decl. ¶ 13.  The TV was Coleman's personal property and statements about its seizure, along with Plaintiff's other personal property, is relevant to the instant action. FRE 401. |
| 5. | Coleman Decl. ¶ 19, lines 21-28<br><br>Obj. FRE 602 (speculation, lack of foundation, lack of personal knowledge; FRE 801, 802 (inadmissible hearsay) | This paragraph is based on Coleman's personal knowledge of what happened to her in the hospital so it is neither speculative, lacking personal knowledge or lacking foundation.  To the extent she includes the content of phone calls and hospital release instructions she received, those statements are admissible to demonstrate her state of mind in leaving the hospital early and the need to obtain new medication. FRE 803(3) |

PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS            6

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12 | 6. Coleman Decl. ¶¶ 21, lines 6-8; 22, lines 9-10.  Coleman makes speculative statements about MediCal and her physical health having "suffered tremendously" without factual support.<br><br>Obj: FRE 602 (speculation, lack of foundation, lack of personal knowledge); FRE 701, 702 (improper opinion) | The declarant supplies personal factual support: the sentences objected to include her assertion that she has been unable to test her blood sugar, and, following the sentence objected to in Paragraph 22, Coleman explains that she has been unable to see her physician.  Moreover, it is not improper opinion for a witness to report on her own condition based on opinions that are rationally based on the witness's perception. FRE 701. |
| 13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | 7. Coleman Decl. ¶ 23, lines 16-18. Coleman's statements about her walker are irrelevant because she has not established that the absence of a walker was a cause of Defendant's alleged acts.<br><br>Obj: FRE 402 (irrelevant) | This objection is inexplicable. The refusal to take a mobility assistive device to the police station when arresting the user, and the failure to return the walker when that individual is released from custody are directly relevant to Defendants' challenged policies and practices here. FRE 401. |
| 21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | 8. Coleman Decl. ¶ 24, lines 19-20.  This conclusory medical statement is speculative and constitutes improper opinion.<br><br>Obj: FRE 602 (speculation, lack of foundation, lack of personal knowledge); FRE 701, 702 (improper opinion), Local Rule 7-7 (inadmissibly devoid of factual matter).  *See e.g., A.A. v. Raymond*, 2013 U.S. Dist. LEXIS 102459, at *21 (E.D. | Coleman explained in paragraph 18 and paragraph 19, line 20 - to which no objections were made - that she was hospitalized for pneumonia and also treated for her diabetes. Coleman has personal knowledge of the treatment she received.  FRE 602, 701.  The statement is also admissible as |

| | | |
|---|---|---|
| | Cal. July 22, 2013) (sustaining objections to improper lay opinion on a motion for preliminary injunction). | a statement of her then-physical condition. FRE 803(3). |
| 9. | Coleman Decl. ¶ 27, lines 9-13; 30, lines 23-24; 31, lines 1-6; 32, lines 8-9<br><br>Obj: FRE 801, 802 (inadmissible hearsay) | Testimony about the hours of operation of the storage facility, based on prior telephone calls to the business, is admissible. FRE 901(b)(6) In addition, the objected to statements inform the declarant's then-existing state of mind and explain her subsequent actions. Coleman Decl. ¶¶ 32-33, lines 9-14. |

### OBJECTIONS TO ESCOBEDO DECLARATION

| | | |
|---|---|---|
| 1. | Escobedo Decl. ¶ 4, lines 12-13<br>Declarant's statement about what he was told about accommodations is inadmissible.<br><br>Obj: FRE 801, 802 (inadmissible hearsay) | This statement is admissible based on Escobedo's personal knowledge and as evidence of Escobedo's state of mind. FRE 803(3) |
| 2. | Escobedo Decl. ¶ 5; lines 14-15<br>Escobedo's understanding of dogs in shelters is speculative.<br><br>Obj: FRE 602 (speculation, lack of foundation, lack of personal knowledge) | Plaintiffs agree that Mr. Escobedo has not laid foundation for this statement, but it is not relevant to any dispositive issue in this motion. |

### OBJECTIONS TO RICHARDSON DECLARATION

| | | |
|---|---|---|
| 1. | Richardson Decl. ¶ 3, lines 8-13<br>The statements about the "dramatically" increased enforcement" are "more ... property" discarded "by the Sanitation | The statement is admissible as it is based on Mr. Richardson's personal observations during Community Watch two or three |

PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS     8

| | | |
|---|---|---|
| | workers" and all statements stemming from those allegations are inadmissible.<br><br>Obj: FRE 602 (speculation, lack of foundation, lack of personal knowledge); FRE 701, 702 (improper opinion), Local Rule 7-7 (impermissibly devoid of factual matter). | times a week. Moreover, the statement is offered to explain why Mr. Richardson is spending more time on Community Watch and helping individuals to recover their property, and the impact the additional Community Watch work on his work for LA CAN. FRE 602, 701. |
| 2. | Richardson Decl. ¶¶5, lines 24-27; 6, lines 2-5. The writings on the tags and Declarant's understanding of what the writings meant constitute speculative hearsay.<br><br>Obj: FRE 602 (speculation, lack of foundation, lack of personal knowledge; FRE 801, 802 (inadmissible hearsay). | The statements are admissible based on what Mr. Richardson personally observed on March 23, 2016. Moreover, in paragraph 6, Mr. Richardson describes similar writings that were not objected to associated with a second individual's property, and police officers informed Richardson that they believed the second individual whose property was surrounded by tape and tagged was arrested. Based on the entire context, the objected to writings are non-hearsay admissions of a party opponent. FRE 801(d)(2). |
| 3. | Richardson Decl. ¶ 14, lines 23-25; 16, lines 3-5<br><br>Richardson's statements about what he heard over the phone, and what officers and Mr. Little said are inadmissible.<br><br>Obj: FRE 801, 802 (inadmissible hearsay) | The statement is admissible as the non-hearsay admission of a party opponent offered against the Defendant. FRE 801(d)(2). |

PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS 9

| | | |
|---|---|---|
| 4. | Richardson Decl. ¶ 17, lines 7-13. Statements about what Officer Fiola said is inadmissible and Declarant speculates about who Dexter Powell is.<br><br>Obj: FRE 602 (speculation, lack of foundation, lack of personal knowledge); FRE 801, 802 (inadmissible hearsay) | Officer Fiola's statement is admissible as the non-hearsay admission of a party opponent offered against the Defendant. FRE 801(d)(2). Mr. Richardson's statement regarding "Dexter Powell" is based on his personal knowledge attested to in paras. 5-6. |
| 5. | Richardson Decl. ¶ 18; lines 16-17 Declarant speculates about whether the facility was open.<br><br>Obj: FRE 602 (speculation, lack of foundation, lack of personal knowledge). | This statement is based on Mr. Richardson's personal observations when he arrived at the Parker Center location. There was a gate. Richardson Decl. ¶ 18, lines 18-19. |
| 6. | Richardson Decl. ¶ 19, lines 22-27; 20, lines 1-7; 21, lines 8-13 Richardson's statements about what Mr. Little, the Sergeant and Office [sic] Fiola said are inadmissible.<br><br>Obj: FRE 801, 802 (inadmissible hearsay). | The statements of the officers are admissible as admissions of a party opponent offered against the Defendant. FRE 801(d)(2). Mr. Little's statements are admissible because they explain the declarant's then-existing state of mind and Richardson's intent to wait with Mr. Little so he could speak with the supervising Sergeant. FRE 803(3), *see* Richardson Decl. ¶ 20, lines 1-2. |

**OBJECTIONS TO ROQUE DECLARATION**

| | | |
|---|---|---|
| 1. | Roque Decl. ¶ 7, lines 24-25 | The statement is admissible as the non-hearsay admission of a |

| | | |
|---|---|---|
| | The statements of what LAPD officer said to Declarant and to others are inadmissible.<br><br>Obj: FRE 801, 802 (inadmissible hearsay) | party opponent offered against the Defendant. FRE 801(d)(2). |
| 2. | Roque Decl. ¶ 9, lines 26-28, 1-2 (next page).  The statements of what LAPD officer said to Declarant and to others are inadmissible, as are the statements about what the law states.<br><br>Obj: FRE 801, 802 (inadmissible hearsay), FRE 702 (improper legal opinion). | The statement is admissible as non-hearsay admission by a party opponent offered against the Defendant. FRE 801(d)(2). For clarity, Plaintiffs note that the objection appears to be to ¶ 8, not ¶ 9. |
| 3. | Roque Decl. ¶¶ 12, lines 19-21; 15, lines 9-10; 16, line 12; 18, lines 18-20; 19, lines 23-24; 20, lines 28, 1-3 (next page); 21, 5-10; 22, 13-15; 23, lines 17-20 These statements about what Roque heard other people say – a nurse, neighbors, the officers – are all inadmissible.<br><br>Obj: FRE 801, 802 (inadmissible hearsay) | The statements by the nurse, officers, and city employees are admissible as non-hearsay admissions of a party opponent offered against the Defendant. FRE 801(d)(2). Statements of the declarant's neighbors [Roque Decl. ¶ 15, lines 9-10] are offered to explain the subsequent actions of the declarant due to his then-existing mental state in attempting to recover his missing property. FRE 803(3), *see* Roque Decl ¶¶ 17-29. In addition, regarding Defendant's objection to declarant's para. 19, lines 23-24, *see* FRE 901(b)(6). |
| 4. | Roque Decl. ¶ 24, lines 21-23 Roque's statements about what Lt. Mathis said, and his belief about whether Lt. | The statement is a non-hearsay admission by a party opponent offered against Defendants. |

PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS        11

| | | |
|---|---|---|
| | Mathis was unsure of facility hours are inadmissible.<br><br>Obj: FRE 602 (speculation, lack of foundation, lack of personal knowledge); FRE 801, 802 (inadmissible hearsay) | FRE 801(d)(2). Roque's perception based on observing Lt. Mathis as he made these statements is based on personal knowledge. Moreover, it goes to a material fact: that there is inadequate notice and insufficient procedures for locating and reclaiming personal property post-deprivation. FRE 807. |
| 5. | Roque Decl. ¶ 26, lines 7-10; Exh. 8. These statements about what he was told by his attorney and the photographs he did not personally take are inadmissible.<br><br>FRE 602 (speculation, lack of foundation, lack of personal knowledge; FRE 801, 802 (inadmissible hearsay). | Plaintiff can authenticate the photographs, even if he did not take them, as long as he attests that they correctly depict what he is testifying about. He does not have to take them: he observed them being taken. *United States v. Clayton*, 643 F.2d 1071, 1074 (5th Cir. 1981). |
| 6. | Roque Decl. ¶ 28, lines 23-28; FRE 801, 802 (inadmissible hearsay) | Lt. Mathes' statement is admissible as a party admission by an opponent used against the Defendant. FRE 801(d)(2). These facts are also confirmed on Defendants' Exhibit "I". |
| 7. | Roque Decl. ¶¶ 30, lines 15-16; 34, lines 7-10. The statements about "many people on Skid Row" and public transportation are speculative.<br><br>Obj. FRE 602 (speculation, lack of foundation, lack of personal knowledge | Mr. Roque lived in Compton and a shelter in Long Beach before coming to Skid Row, so he has personal knowledge of how far those areas are from Skid Row. *See* Roque Decl. ¶3. The fact that "many people on Skid Row" are mentally ill is based on his personal |

knowledge and is also easily verifiable and was put into evidence by Plaintiffs in Exhibit 12 and 13, the City Council's motions on the homelessness emergency.

Dated: April 8, 2016            Respectfully submitted,

LAW OFFICE OF CAROL A. SOBEL
LEGAL AID FOUNDATION OF LOS ANGELES
SCHONBRUN, SEPLOW, HARRIS & HOFFMAN

                /s/ Carol A. Sobel
By: CAROL A. SOBEL
Attorneys for Plaintiffs