CAROL A. SOBEL  SBN 84483
COLLEEN M. MULLEN  SBN 299059
JUSTINE SCHNEEWEIS  SBN 305672
JOHN P. GIVEN  SBN 269787
LAW OFFICE OF CAROL A. SOBEL
3110 Main Street, Suite 210
Santa Monica, California 90405
t. 310 393–3055  f. 310 399-1854
e. carolsobel@aol.com
e. mullen.colleen1@gmail.com
e. Justine.schneeweis@gmail.com
e. john@johngiven.com

FERNANDO GAYTAN SBN 224712
SHAYLA R. MYERS  SBN 264054
LEGAL AID FOUNDATION OF LOS ANGELES
7000 S. Broadway
Los Angeles, California 90003
t. 213 640-3983   f. 213 640-3988
e. smyers@lafla.org
Attorneys for Plaintiff CANGRESS

(ADDITIONAL COUNSEL ON NEXT PAGE)

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CARL MITCHELL, et al.,<br><br>PLAINTIFFS,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>DEFENDANTS. | Case No.:16-cv-01750 SJO (JPR)<br><br>OBJECTIONS TO DEFENDANTS' EVIDENCE<br><br>Date: None<br>Time: None<br>Ctrm: 1<br><br>Action Filed March 14, 2016 |

PAUL L. HOFFMAN  SBN 071244
CATHERINE SWEETSER  SBN 271142
SCHONBRUN SEPLOW HARRIS &
       HOFFMAN LLP
723 Ocean Front Walk
Venice, California 90291
t. 310 396-0731  f. 399-7040
e. hoffpaul@aol.com
e. catherine.sdshhh@gmail.com

ATTORNEYS FOR PLAINTIFFS

Plaintiffs hereby object to the following evidence presented by Defendants in connection with their Opposition to Plaintiffs' Ex Parte Application for a Temporary Restraining Order.

## OBJECTIONS TO MATHES DECLARATION

| | Objections to Mathes Declaration | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Mathes Decl. ¶ 3.<br><br>Statements about the legal implications of the settlement reached in *Jones v. City of Los Angeles,* and its supposed codification in the Los Angeles Municipal Codes.<br><br>**Grounds for Objection:** Fed. R. Evid. 701, 702 (improper lay opinion) | Sustained: \_\_\_\_\_<br><br>Overruled: _____ |
| 2 | **Material Objected to:** Mathes Decl. ¶ 4:1-4.<br><br>Statements made about general tendencies of the "homeless in Skid Row" and general observations of "nature of living on the street."<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (lacks foundation, speculation, lacks personal knowledge), Fed. R. Evid. 701, 702 (improper lay opinion) | Sustained: \_\_\_\_\_<br><br>Overruled: _____ |
| 4 | **Material Objected to:** Mathes Decl. ¶ 5<br><br>Any additional photographs or statements alluded to in Reset's Twitter feed.<br><br>**Grounds for Objection:** Fed. R. Evid. 402 (irrelevant). A bare assertion that Mathes "maintain[s] the feed" is insufficient to authenticate every single photo and statement made, copied, and re-tweeted in the account. Fed. R. Evid. 901 | Sustained: \_\_\_\_\_<br><br>Overruled: _____ |

| 5 | **Material Objected to:** Mathes Decl. ¶ 6, lines 18-19.<br><br>Statement regarding "an amount of material which may provide rodents a place to hide."<br><br>**Grounds for Objection:** Mathes is not an expert on rodents, and cannot offer his opinion on the type of environments that would best foster a rodent infestation. Fed. R. Evid. 701, 702. There is also no evidence to suggest Mathes saw a rodent hiding in the property. 602 (lacks foundation, speculation, lack of personal knowledge). | Sustained: _____<br><br>Overruled: _____ |
| --- | --- | --- |
| 6 | **Material Objected to:** Mathes Decl. ¶ 7, lines 20-23 (emphasis added).<br><br>Statement that Mathes observed "Americans with Disabilities Act violations" that "could block sidewalk access."<br><br>**Grounds for Objection:** Fed. R. Evid. 701, 702 (improper lay opinion and legal conclusion). | Sustained: _____<br><br>Overruled: _____ |
| 7 | **Material Objected to:** Mathes Decl. ¶ 7, lines 10-14.<br><br>Statement regarding the scientific training of the WPIs.<br><br>**Grounds for Objection:** Mathes "developed a joint partnership" with a division within the Bureau of Sanitation, but there is nothing to suggest Mathes develops, participates in, or has any knowledge of the trainings of employees in a separate city agency. Fed. R. Evid. 602 (speculation, lack of personal knowledge, lacks foundation). | Sustained: _____<br><br>Overruled: _____ |

| 8 | **Material Objected to:** Mathes Decl. ¶ 8, lines 22-24.<br><br>"Mr. Escobedo is an example of this procedure, and contrary to his declaration, he did actually remove his property before the cleaning."<br><br>**Grounds for Objection:** Mischaracterizes the evidence contained in the video attached as Exhibit E. Mr. Escobedo removes some, but far from all of his property. | Sustained: \_\_\_\_\_<br><br>Overruled: _____ |
|---|---|---|
| 9 | **Material Objected to:** Mathes Decl. ¶ 8, 3:28–4:1.<br><br>Statement regarding the supposed harm to persons if exposed to the spray used by the Bureau of Sanitation.<br><br>**Grounds for Objection:** Fed. R. Evid. 402 (irrelevant). Mathes is not a doctor, and cannot purport to know the health impact of a spray utilized by Bureau of Sanitation. Fed. R. Evid. 701, 702 (improper lay opinion). | Sustained: \_\_\_\_\_<br><br>Overruled: _____ |
| 10 | **Material Objected to:** Mathes Decl. ¶ 11, lines 1-16.<br><br>Statements made about the circumstances surrounding Mr. Escobedo's arrest that Mathes did not personally witness.<br><br>**Grounds for Objection:**  Mathes claims to only have been present on the scene sometime "after the video . . . [to] check in on the operation." Mathes Decl. ¶ 11, lines 16-17. Mathes also never establishes the record keeping protocols of body-cam footage of the officers. Any statements made by Mathes then about events he did not witness lack foundation | Sustained: \_\_\_\_\_<br><br>Overruled: _____ |

| | | |
|---|---|---|
| | and are based on unauthenticated documents. Fed. R. Evid. 602 (lacks personal knowledge, calls for speculation, lacks foundation); Fed. R. Evid. 901 (improperly authenticated video). | |
| 11 | **Material Objected to:** Mathes Decl. ¶ 11, line 5.<br><br>"[O]fficers have awakened Mr. Escobedo."<br><br>**Grounds for Objection:** The video depicts Mr. Escobedo coming out of his tent. There is no way to know if Mr. Escobedo was actually sleeping in the tent. Mischaracterizes the evidence. Fed. R. Evid. 602 (lacks personal knowledge, calls for speculation, lacks foundation). | Sustained: _____<br><br>Overruled: _____ |
| 12 | **Material Objected to:** Mathes Decl. ¶ 11, lines 8-9.<br><br>"He is finished by minute 17:30 on the video."<br><br>**Grounds for Objection:** Mischaracterizes the Evidence. Mr. Escobedo is continuing to clean up his property, folding up a tarp well beyond minute 17:30. He is only stopped from doing so at around minute 19:56, because the officer orders Mr. Escobedo to approach and hands him a citation. The video ends before we see whether or not Mr. Escobedo continued to pack up his belongings. | Sustained: _____<br><br>Overruled: _____ |
| 13 | **Material Objected to:** Mathes Decl. ¶ 11, lines 10-11.<br><br>Statement quoting Mr. Escobedo as saying: "We told her about the signs that's posted here."<br><br>**Grounds for Objection:** Fed. R. Evid. 801, 802, 805 (to the extent this statement reflects | Sustained: _____<br><br>Overruled: _____ |

| | | | |
|---|---|---|---|
| | | statements made by any one other than Mr. Escobedo, the statement is inadmissible hearsay) | |
| 14 | | **Material Objected to:** Mathes Decl. ¶ 11, lines 14-15.<br><br>"All of this occurs before the tape goes up and the street cleaning begins at 8:15 a.m."<br><br>**Grounds for Objection:** The video does not depict the start of the street cleaning, and Mathes explicitly states that he was not present until later. Fed. R. Evid. 602 (lacks personal knowledge, calls for speculation, lacks foundation). | Sustained: _____<br><br>Overruled: _____ |
| 15 | | **Material Objected to:** Mathes Decl. ¶ 11, lines 15-16.<br><br>"At no point is Mr. Escobedo's tent or any other belonging taken away."<br><br>**Grounds for Objection:** Mathes explicitly states that he was not present throughout the entire cleaning. Fed. R. Evid. 602 (lacks personal knowledge, calls for speculation, lacks foundation). | Sustained: _____<br><br>Overruled: _____ |
| 16 | | **Material Objected to:** Mathes Decl. ¶ 11, 19-20.<br><br>Statements made about Mr. Escobedo's "good spirits."<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (lacks personal knowledge, calls for speculation, lacks foundation). | Sustained: _____<br><br>Overruled: _____ |
| 17 | | **Material Objected to:** Mathes Decl. ¶ 13, lines 28-29.<br><br>Statement that Mr. Roque is seen in the video | Sustained: _____<br><br>Overruled: _____ |

PLAINTIFFS' OBJECTIONS TO DEFENDANT CITY OF LOS ANGELES'S EVIDENCE

| | | |
|---|---|---|
| | moving back and forth "in the area that constitutes his property" is inadmissible because the area that supposedly constitutes Mr. Roque's property is speculation, lacks personal knowledge, and lacks foundation.<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (speculation, lack of foundation, lack of personal knowledge). | |
| 18 | **Material Objected to:** Mathes Decl. ¶ 13, next page, lines 1-3.<br><br>Statements about the area from the white tarp to the pallet constituting the dividing line between Mr. Roque's property and his neighbors is speculation, lacks personal knowledge, and lacks foundation.<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (speculation, lack of foundation, lack of personal knowledge). | Sustained: _____<br><br>Overruled: _____ |
| 19 | **Material Objected to:** Mathes Decl. ¶ 13, next page, lines 7-9.<br><br>Statement that the officers "discuss the area of property from the beginning of the tarp to the pallet belongs to him" misstates the evidence. Officer Primo says, "Everything from that grey wall over to the white." They do not state that everything "from the beginning of the tarp to the pallet" belongs to Mr. Roque.<br><br>**Grounds for Objection:** Lt. Mathes mischaracterizes the evidence. | Sustained: _____<br><br>Overruled: _____ |
| 20 | **Material Objected to:** Mathes Decl. ¶ 13, next page, lines 14-15.<br><br>Statement about the property being "used as a dividing line" between Mr. Roque's property | Sustained: _____<br><br>Overruled: _____ |

| | | |
|---|---|---|
| | and his neighbors' is speculation, lacks personal knowledge, and lacks foundation.<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (speculation, lack of foundation, lack of personal knowledge). | |
| 21 | **Material Objected to:** Mathes Decl. ¶ 13, next page, lines 15-16.<br><br>The statement about the size of Mr. Roque's property area is speculation, lacks personal knowledge, and lacks foundation.<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (speculation, lack of foundation, lack of personal knowledge). | Sustained:  _____<br><br>Overruled:  _____ |
| 22 | **Material Objected to:** Mathes Decl. ¶ 13, next page, lines 15-17.<br><br>The statement that "the size of Mr. Roque's property area, and the fact that his tarp covers material that he says in his declaration was not his," is inadmissible.<br><br>**Grounds for Objection:** Misstates the evidence. It misstates the evidence to say what Mr. Roque said does or does not belong to him based on the video in Exhibit G.  The property Mr. Roque identified in his declaration as belonging to him was based on photographs in Exhibit 6a-f to the Declaration of Eric Ares, which were taken at a later time after the police had left and sanitation workers had already begun going through the property area. | Sustained:  _____<br><br>Overruled:  _____ |
| 23 | **Material Objected to:** Mathes Decl. ¶ 15, 29-1.<br><br>Referencing Mr. Roque's declaration, "Mr. | Sustained:  _____<br><br>Overruled:  _____ |

| | | | |
|---|---|---|---|
| | Roque stated in his declaration that only his "tent and a folded blue tarp" were his property."<br><br>**Grounds for Objection:** Mischaracterizes the evidence. The quote taken from Mr. Roque's declaration is only in reference to photographs attached as exhibits to Mr. Ares's Declaration. Of all the items depicted in those specific photographs, only a tarp and a tent belonged to Mr. Roque. Mr. Roque specifically mentions owning additional items stored in "three backpacks and a few plastic trash bags." Roque Decl. ¶ 10, line 9. | | |
| 24 | **Material Objected to:** Mathes Decl. ¶ 15.<br><br>See Plaintiff's application to strike, filed under seal, for a description of this video's personal and confidential information concerning Mr. Roque.<br><br>**Grounds for Objection:** The officers arrested Mr. Roque for having failed to appear on a previous § 41.18(d) citation. This is the arrest referenced in Plaintiffs' Complaint, and forms the basis for Mr. Roque's claims. No other crimes, allegedly committed, are relevant to Plaintiffs' claims. Fed. R. Evid. 402 (irrelevant), Fed. R. Evid. 403 (unfairly prejudicial), Fed. R. Evid. 404 (improper character evidence). Mathes has not established he was present during this discussion and has not established record-keeping protocols of body-cam footage. Thus, these statements lack foundation. Fed. R. Evid. 602 (lack of personal knowledge, speculation, lack foundation). | Sustained: _____<br>Overruled: _____ | |
| 25 | **Material Objected to:** Mathes Decl. ¶ 17. | Sustained: _____ | |

PLAINTIFFS' OBJECTIONS TO DEFENDANT CITY OF LOS ANGELES'S EVIDENCE

| | | |
|---|---|---|
| | Quotes from and statements attributed to Carol Sobel.<br><br>**Grounds for Objection:** Fed. R. Evid. 801, 802 (inadmissible hearsay). | Overruled: _____ |
| 26 | **Material Objected to:** Mathes Decl. ¶ 19.<br><br>Statements regarding the arrest of Mr. Mitchell based on the pictures and findings of a report by the Bureau of Sanitation.<br><br>**Grounds for Objection:** Mathes has not established he was present at the time of Mr. Mitchell's arrest. Fed. R. Evid. 801, 802 (inadmissible hearsay). Fed. R. Evid. 602 (lacks personal knowledge, calls for speculation, lacks foundation). | Sustained: \_\_\_\_\_<br><br>Overruled: _____ |
| 27 | **Material Objected to:** Mathes Decl. ¶ 21, lines 21-23.<br><br>Statements referencing notes, photos, and findings contained in a Bureau of Sanitation report.<br><br>**Grounds for Objection:** Fed. R. Evid. 801, 802 (inadmissible hearsay). Fed. R. Evid. 602 (lacks personal knowledge, calls for speculation, lacks foundation). | Sustained: \_\_\_\_\_<br><br>Overruled: _____ |
| 28 | **Material Objected to:** Mathes Decl. ¶ 21.<br><br>Statements regarding what exactly constituted Ms. Coleman's property.<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (lacks personal knowledge, calls for speculation, lacks foundation). | Sustained: \_\_\_\_\_<br><br>Overruled: _____ |
| 29 | **Material Objected to:** Mathes Decl. ¶ 21, lines 6-9. | Sustained: \_\_\_\_\_<br><br>Overruled: _____ |

PLAINTIFFS' OBJECTIONS TO DEFENDANT CITY OF LOS ANGELES'S EVIDENCE

| | | |
|---|---|---|
| | References to other "separate investigations" by LAPD of Judy Coleman.<br><br>**Grounds for Objection:** Fed. R. Evid. 402 (irrelevant), Fed. R. Evid. 403 (unfairly prejudicial), Fed. R. Evid. 404 (impermissible character evidence). | |
| 30 | **Material Objected to:** Mathes Decl. ¶ 22, lines 13-14, 17-18.<br><br>Statements regarding Ms. Coleman's physical health and emotional well-being.<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (lacks personal knowledge, calls for speculation, lacks foundation). Fed. R. Evid. 701, 702 (improper lay opinion). | Sustained: _____<br><br>Overruled: _____ |
| 31 | **Material Objected to:** Mathes Decl. ¶ 23, lines 26-27.<br><br>Statements concerning Coleman advising Mathes about illegal activity on Towne Avenue.<br><br>**Grounds for Objection:** Fed. R. Evid. 402 (irrelevant). Fed. R. Evid. 403 (unfairly prejudicial). | Sustained: _____<br><br>Overruled: _____ |
| 32 | **Material Objected to:** Mathes Decl. ¶ 23, 2-5.<br><br>Statement's concerning Ms. Coleman's physical health or mental state.<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (lacks personal knowledge, calls for speculation, lacks foundation). Fed. R. Evid. 701, 702 (improper lay opinion). | Sustained: _____<br><br>Overruled: _____ |

## OBJECTIONS TO EXHIBIT A

| | Objections to Exhibit A | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Mathes Decl. ¶ 4, lines 4-9.<br><br>Statements about Exhibit A to Mathes' Declaration, photographs of "waste, maggots, and other materials encountered during RESET's involvement in street-cleaning operations" over the past three months.<br><br>**Grounds for Objection:** The graphic images of waste and debris are not, in any way, associated with Plaintiffs. There is nothing to suggest the waste belonged to Plaintiffs or was even in the vicinity of Plaintiffs' belongings. Fed. R. Evid.  402 (irrelevant); Fed. R. Evid.  403 (unfairly prejudicial). | Sustained: _____<br><br>Overruled: _____ |

## OBJECTIONS TO EXHIBIT B

| | Objections to Exhibit B | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Exhibit B to Mathes' Declaration, referenced at Mathes Decl. ¶ 6, lines 14-17.<br><br>Images depicting "maggots around a dead animal" that was seen "across the street" from Judy Coleman's encampment.<br><br>**Grounds for Objection:** Fed. R. Evid. 402 (irrelevant). Fed. R. Evid. 403 (unfairly prejudicial). There video is shot across the street from Plaintiff Coleman's belongings, and therefore is not related to Ms. Coleman's property in any way.  There is no evidence suggesting this animal across the street from Judy Coleman's property posed a health and | Sustained: _____<br><br>Overruled: _____ |

| | | |
|---|---|---|
| safety hazard that justified the taking of her property. | | |

## OBJECTIONS TO EXHIBIT C

| | Objections to Exhibit C | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Exhibit C to Mathes' Declaration, referenced at Mathes Decl. ¶ 6, lines 17-19.<br><br>A photograph of "an amount of material which may provide rodents a place to hide."<br><br>**Grounds for Objection:** The picture only depicts an "amount of material;" there is no evidence to suggest that this material belongs to Judy Coleman. Fed. R. Evid. 402 (irrelevant). Fed. R. Evid. 403 (unfairly prejudicial).  Fed. R. Evid. 602 (lacks personal knowledge, calls for speculation, lacks foundation). Fed. R. Evid. 701, 702 (improper lay opinion). | Sustained: _____<br><br>Overruled: _____ |

## OBJECTIONS TO EXHIBIT E

| | Objections to Exhibit E | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Exhibit E attached to Mathes's Declaration, referenced at Mathes Decl. ¶ 11.<br><br>**Grounds for Objection:**  Mathes claims to only have been present on the scene sometime "after the video . . . [to] check in on the operation." Mathes Decl. ¶ 11, lines 16-17. Mathes also never establishes the record | Sustained: _____<br><br>Overruled: _____ |

PLAINTIFFS' OBJECTIONS TO DEFENDANT CITY OF LOS ANGELES'S EVIDENCE

| | | |
|---|---|---|
| | keeping protocols of body-cam footage of the officers.  Fed. R. Evid. 602 (lacks personal knowledge, calls for speculation, lacks foundation).  Fed. R. Evid. 901 (improperly authenticated video); *see United States v. Clayton*, 643 F.2d 1071, 1074 (5th Cir.1981) ("A witness qualifying a photograph" must be able to "identif[y] the object depicted and testif[y]that the photograph fairly and correctly represents it."); *Saturn Manufacturing, Inc. v. Williams Patent Crusher and Pulverizer Company*, 713 F.2d 1347, 1357 (8th Cir. 1983) (holding that videos are authenticated in the same manner as a still photograph). | |
| 2 | **Material Objected To:** Minutes 8:40 – 9:25 of video attached as Exhibit E.<br><br>Video shows Officer Schmidt asking Mr. Escobedo personal questions including his cell phone number, social security number, prior gang affiliation, and place of birth.<br><br>**Grounds for Objection:**  Fed. R. Evid. 402 (irrelevant). Fed. R. Evid. 403 (unfairly prejudicial)., Fed. R. Evid. 404 (improper character evidence) | Sustained:  _____<br>Overruled:  _____ |

## OBJECTIONS TO EXHIBIT F

| | Objections to Exhibit F | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Exhibit F to Mathis Declaration, referenced at Mathes Decl. ¶ 13; ¶ 14; and ¶ 17, line 25.<br><br>Video from Officer Schmidit, depicting the arrest of Mr. Roque. | Sustained:  _____<br>Overruled:  _____ |

| | | |
|---|---|---|
| | **Grounds for Objection:** Lacks foundation. Lieutenant Mathes purports to attach and authenticate this video, but he was not present at the scene and cannot vouch for its accuracy. Fed. R. Evid. 602 (lacks personal knowledge, calls for speculation, lacks foundation).  Fed. R. Evid. 901 (improperly authenticated video); *see United States v. Clayton*, 643 F.2d 1071, 1074 (5th Cir.1981) ("A witness qualifying a photograph" must be able to "identif[y] the object depicted and testif[y]that the photograph fairly and correctly represents it."); *Saturn Manufacturing, Inc. v. Williams Patent Crusher and Pulverizer Company*, 713 F.2d 1347, 1357 (8th Cir. 1983) (holding that videos are authenticated in the same manner as a still photograph). | |
| 2 | **Material Objected to:** Exhibit F to Mathis Declaration, Minutes 3:14-3:15<br><br>Officer asks Mr. Roque if he has been arrested before, and Mr. Roque replies, "Of course."<br><br>**Grounds for Objection:** Evidence of prior arrests is inadmissible evidence of prior acts. Fed. R. Evid. 404.  It is also irrelevant and unfairly prejudicial.  Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 403 (unfairly prejudicial). | Sustained: \_\_\_\_\_<br><br>Overruled: _____ |

## OBJECTIONS TO EXHIBIT G

| | **Objections to Exhibit G** | **Ruling** |
|---|---|---|
| 1 | **Material Objected to:** Exhibit G to Mathis Declaration, referenced at Mathes Decl. ¶ 13;  ¶ 14; and ¶ 17, line 25. | Sustained: \_\_\_\_\_<br><br>Overruled: _____ |

PLAINTIFFS' OBJECTIONS TO DEFENDANT CITY OF LOS ANGELES'S EVIDENCE

| | | |
|---|---|---|
| | Video from Officer Primo, depicting the arrest of Mr. Roque. | |
| | **Grounds for Objection:** Lacks foundation. Lieutenant Mathes purports to attach and authenticate this video, but he was not present at the scene and cannot vouch for its accuracy.  Fed. R. Evid. 602 (speculation, lack of foundation, lack of personal knowledge).  Fed. R. Evid. 901 (improperly authenticated video); *see United States v. Clayton*, 643 F.2d 1071, 1074 (5th Cir.1981) ("A witness qualifying a photograph" must be able to "identif[y] the object depicted and testif[y]that the photograph fairly and correctly represents it."); *Saturn Manufacturing, Inc. v. Williams Patent Crusher and Pulverizer Company*, 713 F.2d 1347, 1357 (8th Cir. 1983) (holding that videos are authenticated in the same manner as a still photograph). | |
| 2 | **Material Objected to:** Exhibit G to Mathis Declaration, Minutes 8:43-8:52.  Officer Primo's question if Mr. Roque has ever been arrested for certain crimes, to which Mr. Roque affirmatively responds.  **Grounds for Objection:** Evidence of prior arrests is inadmissible evidence of prior acts.  Fed. R. Evid. 404 (prior bad acts).  It is also irrelevant and unfairly prejudicial.  Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 403 (unfairly prejudicial). | Sustained: _____<br>Overruled: _____ |
| 3 | **Material Objected to:** Exhibit G to Mathis Declaration, Minutes 11:31-12:43.  Officer Primo's questions about what Mr. Roque had previously been arrested for, Mr. Roque's responses to the question, and Officer Primo's questions and Mr. Roque's answers about individuals he used to | Sustained: _____<br>Overruled: _____ |

PLAINTIFFS' OBJECTIONS TO DEFENDANT CITY OF LOS ANGELES'S EVIDENCE

associate with.

**Grounds for Objection:** Inadmissible evidence of prior acts.  Fed. R. Evid. 404 (prior bad acts). It is also irrelevant and unfairly prejudicial.  Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 403 (unfairly prejudicial).

## OBJECTIONS TO EXHIBIT H

| | Objections to Exhibit H | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Exhibit H attached to Mathes's Declaration, referenced at Mathes Decl. ¶ 15.<br><br>See Plaintiff's application to strike, filed under seal, for a description of this video's personal and confidential information concerning Mr. Roque.<br><br>**Grounds for Objection:** Fed. R. Evid. 402 (irrelevant). Fed. R. Evid. 403 (unfairly prejudicial). Fed. R. Evid. 404 (improper character evidence). Mathes has also not established he was present during this discussion and has not established record-keeping protocols of body-cam footage. Thus, the video lacks foundation and is improperly authenticated. Fed. R. Evid. 602 (lack of personal knowledge, speculation, lack foundation); Fed. R. Evid. 901(improperly authenticated video); *see United States v. Clayton*, 643 F.2d 1071, 1074 (5th Cir.1981) ("A witness qualifying a photograph" must be able to "identif[y] the object depicted and testif[y]that the photograph fairly and correctly represents it."); *Saturn Manufacturing, Inc. v. Williams Patent Crusher and Pulverizer* | Sustained: _____<br><br>Overruled: _____ |

| | |
|---|---|
| *Company*, 713 F.2d 1347, 1357 (8th Cir. 1983) (holding that videos are authenticated in the same manner as a still photograph). | |

## OBJECTIONS TO EXHIBIT J

| | Objections to Exhibit J | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Exhibit J attached to Mathes's Declaration, referenced at Mathes Decl. ¶ 21, lines 4-9.<br><br>Video supposedly contains images of Ms. Coleman's property, shopping carts, TV, and power pole.<br><br>**Grounds for Objection:** Fed. R. Evid. 402 (the pictures of power lines, and allegations concerning stolen electricity, are irrelevant to Plaintiffs' claims); Fed. R. Evid. 403 (unfairly prejudicial). Mathes has not established how he knew the property belonged to Ms. Colman. Fed. R. Evid. 602 (lacks personal knowledge, calls for speculation, lacks foundation). | Sustained: _____<br><br>Overruled: _____ |

## OBJECTIONS TO EXHIBIT L

| | Objections to Exhibit L | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Exhibit L to Mathes's declaration, referenced at Mathes Decl. ¶ 23, lines 26-27.<br><br>Video showing Ms. Coleman advising Mathes about illegal activity on Towne Avenue.<br><br>**Grounds for Objection:** Fed. R. Evid. 402 | Sustained: _____<br><br>Overruled: _____ |

| | | |
|---|---|---|
| (irrelevant). Fed. R. Evid. 403 (unfairly prejudicial) | | |

## **OBJECTIONS TO PEDERSON DECLARATION**

| | **Objections to Pederson Declaration** | **Ruling** |
|---|---|---|
| 1 | **Material Objected to:** Pederson Decl. ¶ 3, lines 14-15. <br><br> The statement, "The goal of Operation Healthy Streets is to provide a safe and healthy public right-of-way for all workers, residents, and members of the public in the area of Downtown Los Angeles known as Skid Row" is inadmissible. <br><br> **Grounds for Objection:** Fed. R. Evid. 602 (speculation, lack of foundation, lack of personal knowledge). | Sustained: _____ <br><br> Overruled: _____ |
| 2 | **Material Objected to:** Pederson Decl. ¶ 4, lines 26-28. <br><br> Statement that: "Postings notifying the public and interested parties of the pending comprehensive cleanings are placed in conspicuous locations on the streets 72 hours in advance of the cleaning events" is inadmissible. <br><br> **Grounds for Objection:** Fed. R. Evid. 602 (speculation, lack of foundation, lack of personal knowledge). | Sustained: _____ <br><br> Overruled: _____ |
| 3 | **Material Objected to:** Pederson Decl. ¶ 4, continued to next page, lines 1-9. <br><br> Statements about what occurs on scheduled comprehensive cleaning days are inadmissible. | Sustained: _____ <br><br> Overruled: _____ |

| | | |
|---|---|---|
| | **Grounds for Objection:** Fed. R. Evid. 602 (speculation, lack of foundation, lack of personal knowledge). | |
| 4 | **Material Objected to:** Pederson Decl. ¶ 5, lines 16-26.<br><br>Statements about rodents being "frequently" found during OHS cleanings; the potential health effects of rodents; the presence and potential effects of human waste excretions; scabies; mites "frequently" being present at homeless encampments, and the potential health effects; and the presence and potential health effects of discarded hypodermic needles and other sharps are all inadmissible.<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (speculation, lack of foundation, lack of personal knowledge); Fed. R. Evid. 701 (improper lay opinion).  It is also irrelevant and unfairly prejudicial to Plaintiffs' claims.  Fed. R. Evid. 402 (irrelevant); Fed. R. Evid. 403 (unfairly prejudicial). | Sustained: _____<br><br>Overruled: _____ |
| 5 | **Material Objected to:** Pederson Decl. ¶ 8, lines 21-23.<br><br>Use of "infrequently" to characterize when the Watershed Protection Division may schedule cleanings in the Skid Row area apart from spot or comprehensive cleanings is inadmissible.<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (speculation, lack of foundation, lack of personal knowledge). | Sustained: _____<br><br>Overruled: _____ |
| 6 | **Material Objected to:** Pederson Decl. ¶ 8, lines 23-27.<br><br>Statements about a 24-hour notice being | Sustained: _____<br><br>Overruled: _____ |

PLAINTIFFS' OBJECTIONS TO DEFENDANT CITY OF LOS ANGELES'S EVIDENCE

| | | |
|---|---|---|
| | posted, post-removal notice, and property being stored for 90 days, are inadmissible.<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (speculation, lack of foundation, lack of personal knowledge). | |
| 7 | **Material Objected to:** Pederson Decl. ¶ 9, line 29, continued to next page, line 1.<br><br>The statement, "In the last four years, there have been an estimated fewer than five such non-Operation Healthy Streets scheduled cleanings (non-LAPD led operation) in the Skid Row Area" is inadmissible.<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (speculation, lack of foundation, lack of personal knowledge). | Sustained: _____<br><br>Overruled: _____ |
| 8 | **Material Objected to:** Pederson Decl. ¶ 13, lines 25-29.<br><br>Statements about materials believed to have come into contact with biohazardous or infectious agents, and statement about blankets being contaminated, are inadmissible.<br><br>**Grounds for Objection:** The photos included with the exhibit only show rat feces on the ground.  The Health Hazard Checklist says "Rat feces on encampment," but lower on the page, it only says there was rat feces on the sidewalk.  It does not say that there was rat feces on the discarded pillow, blankets, or suitcase filled with contaminated clothing, and does not say what the clothing is contaminated with. Fed. R. Evid. 602 (speculation, lack of foundation, lack of personal knowledge). | Sustained: _____<br>Overruled: _____ |
| 9 | **Material Objected to:** Pederson Decl. ¶ 14, lines 5-7. | Sustained: _____ |

PLAINTIFFS' OBJECTIONS TO DEFENDANT CITY OF LOS ANGELES'S EVIDENCE

| | | | |
|---|---|---|---|
| | | Statements about urine and feces bring in the encampment area and soiled and infested beddings accordingly being discarded are inadmissible.<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (speculation, lack of foundation, lack of personal knowledge).  The assertion that there was urine and feces "in the area" does not give proper foundation to the statement that beddings were soiled and infested. | Overruled: _____ |
| 10 | | **Material Objected to:** Pederson Decl. ¶ 15, line 16.<br><br>Statement that clothing and blankets were contaminated is inadmissible because nothing in the report or photographs indicate what the clothing and blankets were allegedly contaminated with or why WPD officers believed them to be contaminated.<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (speculation, lack of foundation, lack of personal knowledge). | Sustained:  \_\_\_\_\_<br><br>Overruled:  _____ |
| 11 | | **Material Objected to:** Pederson Decl. ¶ 16, lines 23-26.<br><br>Statements that Watershed Division identified items as belonging to Salvador Roque are inadmissible as lacking personal knowledge, lacking foundation, and speculation.  Nothing in Exhibit 8, besides inadmissible hearsay, provides evidence that said property belongs to Mr. Roque.<br><br>**Grounds for Objection:** Fed. R. Evid. 602 (speculation, lack of foundation, lack of | Sustained:  \_\_\_\_\_<br><br>Overruled:  _____ |

PLAINTIFFS' OBJECTIONS TO DEFENDANT CITY OF LOS ANGELES'S EVIDENCE

| | personal knowledge). | |
|---|---|---|

## OBJECTIONS TO EXHIBIT 5

| | Objections to Exhibit 5 | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Pederson Decl. ¶ 11, lines 7-17; Exhibit 5 Health Hazard Assessment Reports for 12/15/2015.<br><br>**Grounds for Objection:** Fed. R. Evid. 801, 802 (inadmissible hearsay).  The Records of a Regularly Conducted Activity exception under Fed. R. Evid. 803 is not satisfied because there is no evidence (outside of what is written on the reports themselves) that the records were made *at or near the time* by or from information transmitted by someone with knowledge. | Sustained: _____<br><br>Overruled: _____ |

## OBJECTIONS TO EXHIBIT 6

| | Objections to Exhibit 6 | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Pederson Decl. ¶ 11, lines 7-17; Exhibit 6 – Health Hazard Assessment Reports for 12/24/2015.<br><br>**Grounds for Objection:** Fed. R. Evid. 801, 802 (inadmissible hearsay).  The Records of a Regularly Conducted Activity exception under Fed. R. Evid. 803 is not satisfied because there is no evidence (outside of what is written on the reports themselves) that the records were made *at or near the time* by or from information transmitted by someone with knowledge. | Sustained: _____<br><br>Overruled: _____ |

| 2 | **Material Objected to:** Exhibit 6 Health Hazard Assessment Operation Report, p.1.<br><br>Statement that a "guy" was asked if that was all the property he needed and he answered affirmatively.<br><br>**Grounds for Objection:** Fed. R. Evid. 801, 802 (inadmissible hearsay). | Sustained: _____<br><br>Overruled: _____ |
|---|---|---|
| 3 | **Material Objected to:** Exhibit 6 Health Hazard Assessment Operation Report, p.8.<br><br>Statement that Lt. Mathes requested a different location (526 S. Crocker St.) to be dealt with after this cleanup location, that two encampments at that location blocked the sidewalk, and statements about Mr. Watkins and Ms. Sanford and what they were arrested for, are inadmissible.<br><br>**Grounds for Objection:** Fed. R. Evid. 402, 403 (irrelevant). | Sustained: _____<br><br>Overruled: _____ |
| 4 | **Material Objected to:** Exhibit 6 Health Hazard Assessment Operation Report, pp. 9-12.<br><br>Photos of the cleanup of the encampment on 526 S. Crocker St., another location that was attended to after the incident concerning Mr. Escobedo, are inadmissible.<br><br>**Grounds for Objection:** Fed. R. Evid. 402, 403 (irrelevant). | Sustained: _____<br><br>Overruled: _____ |
| 5 | **Material Objected to:** Exhibit 6 Health Hazard Assessment Operation Report, p.12.<br><br>All statements relating to cleanup of the encampment on 526 S. Crocker St., another location that was attended to after the incident | Sustained: _____<br><br>Overruled: _____ |

| | | |
|---|---|---|
| | concerning Mr. Escobedo, and what property was taken, are inadmissible.<br><br>**Grounds for Objection:** Fed. R. Evid. 402, 403 (irrelevant). | |

## OBJECTIONS TO EXHIBIT 7

| | Objections to Exhibit 7 | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Pederson Decl. ¶ 11, lines 7-17; Exhibit 7 – Health Hazard Assessment Reports for 2/12/2016.<br><br>**Grounds for Objection:** Fed. R. Evid. 801, 802 (inadmissible hearsay).  The Records of a Regularly Conducted Activity exception under Fed. R. Evid. 803 is not satisfied because there is no evidence (outside of what is written on the reports themselves) that the records were made *at or near the time* by or from information transmitted by someone with knowledge. | Sustained:  _____<br><br>Overruled:  _____ |

## OBJECTIONS TO EXHIBIT 8

| | Objections to Exhibit 8 | Ruling |
|---|---|---|
| 1 | **Material Objected to:** Pederson Decl. ¶ 11, lines 7-17; Exhibit 8 – Health Hazard Assessment Reports for 2/23/2016.<br><br>**Grounds for Objection:** Fed. R. Evid. 801, 802 (inadmissible hearsay).  The Records of a Regularly Conducted Activity exception under Fed. R. Evid. 803 is not satisfied because there is no evidence (outside of what is written on the reports themselves) that the records were | Sustained:  _____<br><br>Overruled:  _____ |

PLAINTIFFS' OBJECTIONS TO DEFENDANT CITY OF LOS ANGELES'S EVIDENCE

| | | | |
|---|---|---|---|
| 1 | | made *at or near the time* by or from information transmitted by someone with knowledge. | |
| 2 | 2 | **Material Objected to:** Exhibit 8, p. 1.<br><br>Statement that Sgt. Jack Richter informed WPD that 2nd location 3 feet away also belonged to Roque is inadmissible hearsay.<br><br>**Grounds for Objection:** Fed. R. Evid. 801, 802 (inadmissible hearsay). | Sustained: _____<br><br>Overruled: _____ |

Dated: April 8, 2016                Respectfully submitted,

LAW OFFICE OF CAROL A. SOBEL
LEGAL AID FOUNDATION OF LOS
ANGELES
SCHONBRUN SEPLOW HARRIS &
HOFFMAN, LLP

_____/s/  Carol A. Sobel
By: CAROL A. SOBEL
Attorneys for Plaintiffs

PLAINTIFFS' OBJECTIONS TO DEFENDANT CITY OF LOS ANGELES'S EVIDENCE