CAROL A. SOBEL  SBN 84483
COLLEEN M. MULLEN  SBN 299059
JUSTINE SCHNEEWEIS  SBN 305672
LAW OFFICE OF CAROL A. SOBEL
3110 Main Street, Suite 210
Santa Monica, California 90405
t. 310 393–3055  f. 310 399-1854
e. carolsobel@aol.com

FERNANDO GAYTAN SBN SBN 224712
SHAYLA R. MYERS  SBN 264054
LEGAL AID FOUNDATION OF LOS ANGELES
7000 S. Broadway
Los Angeles, California 90003
t. 213 640-3983
f. 213 640-3988
e. smyers@lafla.org
Attorneys for Plaintiff CANGRESS

(ADDITIONAL COUNSEL ON NEXT PAGE)

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CARL MITCHELL, MICHAEL ESCOBEDO, SALVADOR ROQUE, JUDY COLEMAN, as individuals; LOS ANGELES CATHOLIC WORKER, CANGRESS, as organizations, <br><br> PLAINTIFFS, <br><br> v. <br><br> CITY OF LOS ANGELES, a municipal entity; LT. ANDREW MATHIS, SGT. HAMER and SGT. RICHTER , in their individual and official capacities, <br><br> DEFENDANTS. | Case No.:  CV 16-01750 SJO (JPRx) <br><br> PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION TO STRIKE AND/OR SEAL PUBLICALLY FILED DOCUMENTS <br><br> Date:  none <br> Time:  none <br> Courtroom: 1 |

1
PLAINTIFFS' REPLY IN SUPPORT OF EX PARTE APPLICATION TO STRIKE AND/OR SEAL DOCUMENTS

PAUL L. HOFFMAN  SBN 071244
CATHERINE SWEETSER  SBN 271142
SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, California 90291
t. 310 396-0731
f. 399-7040
e. hoffpaul@aol.com
e. catherine.sdshhh@gmail.com

ATTORNEYS FOR PLAINTIFFS

## MEMORANDUM OF POINTS AND AUTHORITIES

As Defendants have identified no compelling reason why the public disclosure of the particular private information at issue should be released into the public domain, the videos and descriptions that Plaintiffs have identified should be sealed. Plaintiffs further request that the court also seal Defendants' opposition to Plaintiffs' ex parte application, which further discusses the contents of the videos and continues to prejudice Plaintiffs' rights.

### I. PLAINTIFFS DO NOT WAIVE ALL PRIVACY RIGHTS BY FILING THIS LAWSUIT

Defendant's argument against sealing the descriptions and videos that Plaintiffs have identified is essentially that by bringing a lawsuit, Plaintiffs have waived all privacy rights, whether the material to be publicly disclosed is relevant or not and regardless of the effect of the disclosure on Plaintiffs' actual lives. That is not and has never been the law. In fact, Plaintiffs retain privacy rights in their associations and interactions, including interactions with the government. Britt v. Superior Court, 20 Cal. 3d 844, 857 (1978) (upholding Plaintiffs' constitutional right to privacy concerning their political activities related to the lawsuit). Contrary to Defendants' assertions, a citizen can have a right to privacy in records even if they are in the possession of the police department. Rider v. Superior Court, 199 Cal. App. 3d 278, 282 (Ct. App. 1988) (recognizing that under California law "a citizen's right to privacy in the [police] agency's records" is "an inalienable constitutional right"). These rights are only waived when the information is directly at issue in the case. Here, the information is not even remotely relevant to the case.

Defendants essentially admit in their reply that there are no countervailing interests in favor of disclosure here. They do not identify a single reason Plaintiffs' private and confidential information is relevant to this lawsuit in any way. The only reason given for disclosing Plaintiffs' private information is that Plaintiffs have accused the City of unconstitutional actions. The private information does *not* concern the allegations made in this case *nor* is it relevant to Plaintiffs' damages or any other conceivable aspect of the case. Further, even if it were relevant, the court could still consider it if it were sealed. The sealing of this information does not prejudice Defendants in any conceivable way. It only prevents them from inappropriately retaliating against the Plaintiffs for exercising their right to access the courts and to hold their government accountable.

## II.   DEFENDANTS' POSITION ON THE PUBLIC NATURE OF THIS INFORMATION IS DIRECTLY CONTRARY TO THE POSITION IT TAKES IN OTHER INSTANCES

Plaintiffs also note that Defendants take the position that the conversations with Plaintiffs take place in "public forums [sic]." Opposition to Plaintiffs' Ex Parte Application at 2. But the video footage is exceptionally clear that Mr. Roque is not in a public forum. The LAPD would not otherwise take the position that this location is a public forum, but for its desire to prevent this evidence from being filed under seal.

Nor has the LAPD previously taken the position it is advancing here, that *all* body camera footage is essentially open to public disclosure, no matter the circumstances in which it is taken, the actual contents of that footage, or the consequences of the release of that footage into the public domain. On the contrary, the LAPD prohibits officers from releasing their footage. *See* Kate

Mather, Divided Police Commission Approves Rules for Body Cameras, http://www.latimes.com/local/lanow/la-me-ln-lapd-body-cameras-rules-20150427-story.html (April 28, 2015).  In fact, the LAPD has generally taken the position that a court order will be required for public access to body camera footage.  Electronic Frontier Foundation, EFF Urges Department of Justice Not to Fund LAPD's Body Cameras, https://www.eff.org/deeplinks/2015/09/eff-urges-department-justice-not-fund-lapds-body-cameras (The policy "does not provide for *any* public access to body camera video").  It is only now, when Defendants seek to place this evidence in the record, in a way that suggests retaliation against Plaintiffs, does the City take the position that it is publicly available.

### III. DEFENDANT IS WRONG ABOUT THE ACCESSIBILITY OF THE EVIDENCE

Defendant takes the wholly unsupported position that the video evidence is not publicly available at this time.  The very nature of documents filed in open court is that they are public.  To confirm, Plaintiff's counsel called the Court Clerk and spoke to the Civil Intake division, which informed Counsel that they could come to the records division and get a copy of the video.  *See* Declaration of Shayla Myers.  The procedure Defendant outlines in its opposition and that it apparently thinks applies here, that the "videos can only be accessed through special motion" is the very one that Plaintiffs are seeking.  To the extent that Defendants are already under the impression that this is the process, it should be no burden to actually require such a motion, and to place the documents under seal.

Dated: April 8, 2016          Respectfully submitted,

LAW OFFICE OF CAROL A. SOBEL
LEGAL AID FOUNDATION OF LOS ANGELES
SCHONBRUN, SEPLOW, HARRIS & HOFFMAN


       /s/ Catherine Sweetser
By: CATHERINE SWEETSER
*Attorneys for Plaintiffs*