CAROL A. SOBEL  SBN 84483
COLLEEN M. MULLEN  SBN 299059
JUSTINE SCHNEEWEIS  SBN 305672
JOHN P. GIVEN  SBN 269787
LAW OFFICE OF CAROL A. SOBEL
3110 Main Street, Suite 210
Santa Monica, California 90405
t. 310 393–3055  f. 310 399-1854
e. carolsobel@aol.com
e. mullen.colleen1@gmail.com
e. Justine.schneeweis@gmail.com
e. john@johngiven.com

FERNANDO GAYTAN SBN 224712
SHAYLA R. MYERS  SBN 264054
LEGAL AID FOUNDATION OF LOS ANGELES
7000 S. Broadway
Los Angeles, California 90003
t. 213 640-3983   f. 213 640-3988
e. smyers@lafla.org

(ADDITIONAL COUNSEL ON NEXT PAGE)

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CARL MITCHELL, et al.,<br><br>PLAINTIFFS,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>DEFENDANTS. | Case No.:   16-cv-01750 SJO (JPR)<br><br>OPPOSITION TO DEFENDANT CITY MOTION TO DISMISS THE FIRST AMENDED COMPLAINT<br><br>Date: May 9, 2016<br>Time: 10:00 a.m.<br>Ctrm: 1<br><br>Action filed: March 14, 2016 |

1

PAUL L. HOFFMAN  SBN 071244
CATHERINE SWEETSER  SBN 271142
SCHONBRUN SEPLOW HARRIS &
      HOFFMAN LLP
723 Ocean Front Walk
Venice, California 90291
t. 310 396-0731  f. 399-7040
e. hoffpaul@aol.com
e. catherine.sdshhh@gmail.com

ATTORNEYS FOR PLAINTIFFS

## I. DEFENDANTS FAILED TO MEET AND CONFER ADEQUATELY

### A. The Meet and Confer Process

Defendants' motion must be dismissed for the blatant failure to satisfy the prerequisite to meet and confer under Local Rule 7-3 and the Court's Standing Order, point 20. On March 29, 2016, Defendants transmitted a letter, outlining grounds for their anticipated Motion to Dismiss. The letter set out three bases for the motion and a single authority for each: 1) that the Fifth Amendment claim was barred by *Hudson v. Palmer*, 468 U.S. 517 (1984); 2) that the Article I, sec. 7 claim was barred entirely because this is not a self-executing provision; and, 3) that all state claims were barred because the government claim was not filed at least 45 days before filing the action. The City did not request a meeting as required by Rule 7-3; instead, the City asked Plaintiffs only to provide any contrary authorities by April 1, 2016. A true and correct copy of Defendants' letter is attached to the Sobel Declaration at Exhibit A. In response, Plaintiffs' counsel proposed a meeting on April 1, 2016, to which the City agreed. Sobel Decl. at ¶ 4 and Exhibit D.

On the morning of April 1, prior to the telephonic meet and confer, Plaintiffs transmitted a letter by email to Mr. Brown, responding to each of the arguments and authorities provided by Defendants. A true and correct copy of the letter is attached at Exhibit B to the Sobel Declaration. Shortly before the meeting was scheduled to begin, Mr. Brown set an email to Ms. Sobel, attaching a second letter and cancelling the telephone call because of scheduling and because he "[did] not believe that [the] planned phone call at 1:00 p.m. to discuss the issues raised in [his] meet and confer letter would be necessary." The letter stated that there were other authorities that supported the City's arguments, but offered none. A true and correct copy of the City's second letter is attached at Exhibit C to the Sobel Declaration.

Four days after cancelling the meet and confer, the City filed its Motion to Dismiss, adding several additional arguments not raised in the City's letters. Significantly, for the first time, the City argues that the First Amended Complaint sets forth only "threadbare" allegations on the Due Process claims and, thus, fails to meet the pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Aschcroft v. Iqbal*, 556 U.S. 662 (2009). Def. Memorandum at p.4.[1]

**B.    The City Has Failed to Satisfy the Meet and Confer Requirements**

Local Rule 7-3 requires "counsel contemplating the filing of any motion" to "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." Local Rule 7-3 also requires that the meet and confer take place at least seven days before the motion is filed. The moving party must include in the notice of motion a statement indicating that the motion is made following that meeting and indicating the date the meeting occurred. Defendant's caption for the motion states that the meet and confer took place on March 29, 2016, the date the City sent its first letter about the motion to dismiss. No meeting occurred that day by any stretch of the imagination.

"The meet and confer requirements of Local Rule 7-3 are in place for a reason" and failure to adhere to the rules may result in denial of the motion. *Alcatel-Lucent USA, Inc. v. Dugdale Communications*, *Inc.*, 2009 WL 3346784, at *4 (C.D. Cal. 2009) (denying a motion for summary judgment in part because

---

[1] In addition, in its Motion, Defendant contends that several of Plaintiffs' state statutory claims are barred because they do not provide a private right of action, an argument wholly absent from its meet-and-confer request and not addressed in Defendant's Memorandum.

2

the moving party failed to meet and confer); *Singer v. Live Nation Worldwide, Inc.,* 2012 WL 123146, at *1–2 (C.D. Cal. 2012) (same).

Despite this Court's admonition that the Court "construes this requirement strictly," Standing Order at 10, the City completely failed to fulfill its obligations to meet and confer prior to filing this motion and, as a result, the City's filing is not in compliance with the rule. Therefore, pursuant to its Standing Order and Local Rule 7-3, the Court should deny Defendant's Motion to Dismiss.

## II. PLAINTIFFS HAVE STATED A DUE PROCESS CLAIM AS NO ADEQUATE REMEDY EXISTS UNDER STATE LAW

### A. Plaintiffs Have Adequately Alleged a Federal Due Process Claim

Defendant City argues that Plaintiffs have failed to state a claim for a due process violation because the intentional destruction of property by a government employee does not violation due process if the state provides a civil remedy. In so arguing, the City misstates the law and the very limited holding of *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In *Hudson v. Palmer*, the Supreme Court held that the "unauthorized" deprivation of property by a government employee does not give rise to a due process violation if there is an adequate post-deprivation procedure, because where the state cannot "anticipate and control unauthorized conduct," pre-deprivation process would be impractical, if not impossible to provide." *Id.* Therefore, state law remedies were sufficient. *Id.* The holding in *Hudson* is "restricted to cases in which prison officials acted in random, unpredictable, and unauthorized ways." *Zimmerman v. City of Oakland*, 255 F.3d 734, 739 (9th Cir. 2001) (distinguishing *Hudson* and holding that the guarantee of due process includes those instances in which the State authorizes the destruction of property, even if there is a post-deprivation remedy provided under state law); *see also Zinermon v. Burch*, 455 U.S. 422 (1982) (allowing due process claim to go forward when the deprivation alleged would "occur, if at all, at a specific

3

predictable point in the process" and so additional due process could have prevented the deprivation).

Here, Plaintiffs have sufficiently alleged that the City, including the LAPD and the Bureau of Sanitation, were acting pursuant to City policies, customs, and practices when the Plaintiffs were deprived of their belongings. *See e.g.,* First Amended Complaint ¶¶42, 43, 47, 52. This is enough to state a claim for a due process violation, irrespective of whether state law remedies exist. *See Lavan v. City of Los Angeles*, 693 F.3d 1022, 1032 (9th Cir. 2012); *see also Zimmerman*, 255 F.3d at 739 (noting that a prior case with similar facts to those presented in *Zimmerman* had held that a due process violation had occurred, despite the existence of state law and noting that, although the Court did not address it in the prior case, the Court gave the same implicit answer that "*Parratt* and *Hudson* did not foreclose a due process challenge to the adequacy of the procedures under which the removal was carried out"). Moreover, the Preliminary Injunction entered by the Court on April 13, 2016 already found that Plaintiffs are likely to prevail on their due process claims.

To the extent Defendants argue that Los Angeles Municipal Code Section 56.11(f)(3) provides for the seizure of property, this does not render the seizure per se lawful under the Fourteenth Amendment. In *Lavan*, the City made the same argument based on a prior version of Los Angeles Municipal Code Section 56.11. The Ninth Circuit held that "[e]ven if LAMC § 56.11 provided for forfeiture of property, which it does not, the City is required to provide procedural protections before permanently depriving Appellees of their possessions." *Lavan*, 693 F.3d at 1032. Plaintiffs need not plead that their belongings were in compliance with LAMC Section 56.11 in order to plead a cause of action for a due process violation because a violation of the law does not itself justify the seizure and destruction of their belongings without due process. *Id.*

4

### B. Plaintiffs May Seek Injunctive Relief Under Article I, § 7 of the California Constitution

Defendant erroneously contends that Plaintiffs' due process claim "is not saved by" Plaintiffs' California Constitution Article I, § 7 claim because no money damages are available under this provision. Even if Article I, §7 of the California Constitution is not "self-executing," meaning damages may not be awarded directly for a violation of this provision, Plaintiffs may still seek injunctive relief. *See Kincaid v. City of Fresno*, 2006 U.S. Dist. LEXIS 93464, 06-cv-1445 OWW SMS (N.D. Cal. 2006) (enjoining seizure and destruction of the property of homeless individuals without due process).

### III. PLAINTIFFS WERE NOT REQUIRED TO FILE A GOVERNMENT CLAIM UNDER STATE LAW PRIOR TO FILING AN ACTION FOR INJUNCTIVE RELIEF

Defendant City contends that Plaintiffs filing of the claim pursuant to California Government Code §910 *et seq*. on March 16, 2016, two days after the Complaint was filed, is a complete bar to proceeding on any of the state law claims. Defendants' argument is wrong.

The sole authority cited by Defendant is a contracts case in which a sufficient government claim for damages was never filed. *See City of Stockton v. Superior Court (Civic Partners Stockton)*, 42 Cal.4th 730, 747 (2007). Finding that the pre-filing notice was not adequate in the case, the California Supreme Court, nonetheless, reversed the lower court and ordered that the Plaintiff be given leave to amend the complaint to see if the defect could be cured.

Both before and after *City of Stockton*, the California courts have repeatedly held that "a party need not comply with the Government Claims Act when bringing an action either for (1) injunctive or declaratory relief where monetary relief is merely incidental to the primary relief sought (see generally *Lozada v. City and*

5

*County of San Francisco* (2006) 145 Cal.App.4th 1139, 1164-65 [ ]); or (2) for the return of specific property (see generally *Escamilla v. Department of Corrections & Rehabilitation*, [2006] 141 Cal.App.4th [498], 506–509)." *Sparks v. Kern County Board of Supervisors*, (2009) 173 Cal.App.4th 794, 798.  *See also Roy v. County of Los Angeles*, 114 F. Supp. 3d 1030, 1035 (2015) (statue inapplicable "to nonpecuniary actions, 'such as those seeking injunctive, specific or declaratory relief)'" (quoting *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, (1983) 147 Cal. App. 3d 1071, 1081).  With two exceptions, Plaintiffs' state law claims are all rooted in the California Constitution or statutory law and are grounds for injunctive relief under the Sixth Cause of Action based on California Civil Code §52.1.

The damages under any of Plaintiffs' state law claims are "incidental" to the primary relief sought by this action. There is no serious dispute that this action is brought primarily for injunctive relief as evinced by the preliminary injunction issued by the Court on April 13, 2016.   The motion to dismiss on this basis should be denied.

## IV. CONCLUSION

For all of the reasons set forth above, the Motion to Dismiss should be denied in all respects.

Date: April 18, 2016                Respectfully submitted,

LAW OFFICE OF CAROL A. SOBEL
LEGAL AID FOUNDATION OF LOS ANGELES
SCHONBRUN, SEPLOW, HARRIS & HOFFMAN, LLP


        /s/   Carol A. Sobel
By: CAROL A. SOBEL
Attorneys for Plaintiffs    .