**DECLARATION OF CAROL A. SOBEL**

DECLARATION OF CAROL A. SOBEL

1, CAROL A. SOBEL, declare:

1. I am an attorney admitted to practice before the Supreme Court of California and the United States District Court for the Central District of California, among other federal courts. I have personal knowledge of the facts set forth below and, if called to testify to those facts, could and would do so competently.

2. I am one of the counsel for Plaintiffs in the above-captioned action. Each of the exhibits attached to my declaration is a true and correct copy of a document received by me from opposing counsel for the Defendant City, or sent by me to the City, in my capacity as counsel for Plaintiffs.

3. Attached at Exhibit A is a letter dated March 29, 2016 from Eric Brown, Deputy City Attorney, and received by me via email on that date.

4. Attached at Exhibit B is a letter dated April 1, 2016, that I sent by email to Eric Brown on that same date, in advance of a telephonic conference regarding the City's intended motion to dismiss the First Amended Complaint. The conference was set for 1:15 p.m. Attached at Exhibit D is a copy of an email exchange in which Plaintiffs' counsel suggested a telephonic meet and confer, to which the City agreed.

5. Attached at Exhibit C is a letter I received from Mr. Brown at approximately 1 p.m. on April 1, 2016, cancelling the meet and confer call.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of April, 2016 at Santa Monica, California.

/s/   Carol A. Sobel
CAROL A. SOBEL

DECLARATION OF CAROL A. SOBEL
IN OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

**EXHIBIT A**



City Hall East
200 N. Main Street
6th Floor
Los Angeles, CA 90012

(213) 978-7508 Tel
(213) 978-7011 Fax
eric.brown@lacity.org
www.lacity.org/atty

**MIKE FEUER**
CITY ATTORNEY

March 29, 2016

**Via email to carolsobel@aol.com**
Carol Sobel, Esq.
Law Office of Carol A. Sobel
3110 Main Street, Ste. 210
Santa Monica, CA 90405

Re:  Mitchell et al. v. City of Los Angeles et al.
     USDC Cent. Dist. Case No. 2:16-cv-01750

Dear Ms. Sobel:

This letter will serve as a meet and confer prior to the filing of a motion to dismiss. The grounds for the motion will be as follows.

The Second Cause of Action for violation of due process must be dismissed. Intentional destruction of property by a government employee does not violate federal due process under the Fifth Amendment if the state provides a remedy for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The state of California recognizes the remedy of replevin for wrongful destruction of property by a state officer. *Silva v. Macauley*, 135 Cal. App. 249, 253 (1933); Cal. Civ. Proc. Code § 340. As to the state law basis for your due process claim, Plaintiffs have no right to a money damages suit under California Constitution Article I, § 7. *Katzberg v. Regents of University of California*, 29 Cal. 4th 300, 329 (2002).

All state tort causes of action seeking money damages are barred by Plaintiff's failure to comply with the Government Claims Act. The action was filed on March 14, 2016; on March 18, 2016, this office received a Government Code claim from your office on behalf of Plaintiffs dated March 16, 2016. That claim was for the damages alleged in your March 14th complaint. Under California law, this represents a failure to comply with the Government Claims Act. "The Legislature's intent to require the presentation of claims *before* suit is filed could not be clearer."

Sobel Letter
March 29, 2016
Page 2

*City of Stockton v. Superior Court (Civic Partners Stockton)*, 42 Cal. 4th 730, 746 (2007) (emphasis in original).

If you have authorities to the contrary, I would certainly review them before moving forward with any motion. I would appreciate if you could provide such authorities before 3 p.m. this Friday, April 1, 2016.

If you wish to discuss this matter further, please do not hesitate to contact me.

                                        Sincerely,

                                        Eric Brown
                                        Deputy City Attorney

eb

EXHIBIT B

LAW OFFICE OF CAROL A. SOBEL
3110 MAIN STREET, STE. 210
SANTA MONICA, CALIFORNIA 90405
T. 310 393-3055   E. CAROLSOBEL@AOL.COM

By email: eric.brown@lacity.org

April 1, 2016

Eric Brown
Deputy City Attorney
200 N. Main Street
City Hall East, 6th Floor.
Los Angeles, CA 90012

      Re:    *Mitchell et al. v. City of Los Angeles et al.*
             Case No. 16-cv-01750

Dear Mr. Brown:

      In advance of our meet-and-confer call this afternoon, we are providing responses to your letter setting out the bases of the City's anticipated Motion to Dismiss.

      Your reliance on Hudson v. Palmer, 468 U.S. 517 (1984) is misplaced and overstates the Supreme Court's limited holding in that case. *Hudson* does not apply to authorized deprivations of property made pursuant to a City's policies or practices. It applies only to the "*unauthorized* intentional deprivation of property by a state employee," because, where the state cannot "anticipate and control" unauthorized conduct, pre-deprivation process would be impractical, if not impossible to provide. 468 U.S. at 533. Therefore, state law remedies were sufficient. *Id.* The holding in *Hudson* is "restricted to cases in which prison officials acted in random, unpredictable, and unauthorized ways." *Zimmerman v. City of Oakland*, 255 F.3d 734, 739 (9th Cir. 2001); *see also Zinermon v. Burch*, 455 U.S. 422 (1982) (allowing due process claim to go forward when the deprivation alleged would "occur, if at all, at a specific predictable point in the process" and so additional due process could have prevented the deprivation). In this case, Plaintiffs have sufficiently alleged that the City, including the LAPD and Bureau of Sanitation were acting pursuant to City policies, customs, and practices when the Plaintiffs were deprived of their belongings. *See e.g.,* First Amended Complaint ¶¶ 42, 43, 47, 52.

      Your argument on the tort claim pre-filing requirement is simply inapplicable to the facts here. In the case you cite, the plaintiff never filed a tort claim.  Several years into the litigation, the City raised the failure to file a tort claim as a defense and the plaintiff responded that it thought the correspondence between the parties was sufficient to satisfy the requirement of the Government Claims Act. Although the California Supreme Court held that the letters did not satisfy the pre-filing notice, the Court, nonetheless, reversed the lower court and ordered that the Plaintiff be given leave to amend the complaint to see if it could allege facts to defeat the asserted defense of a failure to comply with the Claims Act. As the Court explicitly ruled, "... Civic has not had an opportunity to amend its complaint to meet defendants' Government Claims Act defense. While it has yet to advance a successful argument against that defense, the second amended complaint does not on its face foreclose any reasonable possibility of amendment." *City of Stockton v. Superior Court (Civic Partners Stockton)*, 42 Cal.4th 730, 747 (2007).

Eric Brown
April 1, 2016
Page 2

      Unlike the plaintiff in *City of Stockton*, you concede we filed a tort claim. Based on my research, the courts have never expanded *City of Stockton* to impose a complete and irrevocable bar to filing suit if the tort claim is not filed before the lawsuit. To the contrary, the case has been cited repeatedly to underscore that leave to amend is liberally granted. Moreover, if your argument is correct, then it would be impossible to file for a temporary restraining order against the government under state law because of the necessity to wait more than 45 days for the government to investigate and evaluate a claim, then mail a response.

      In this instance, as you note, we filed the tort claim two days after filing the Complaint. The City's time to grant or deny the claim expires on April 30. The earliest your motion would be heard is May 16, well after the 45-day review time expires, rendering your motion moot.

      Finally, we do not see a basis to move to dismiss the Article I, sec. 7 claim. We are aware that we cannot get damages under that Constitutional provision – the damages are through Civil Code ¶ 52 *et seq.*, but we are, nonetheless, able to get injunctive relief directly under the Constitution. We think the better course would be to address this issue in a jury instruction, if we get to a trial. At the moment, it makes no difference in the scope of this litigation.

      We will be available for your telephone call at 1:15 pm as previously agreed.

Sincerely,

Carol Sobel

cc:    Shayla Myers
        Catherine Sweetser

EXHIBIT C



City Hall East
200 N. Main Street
6th Floor
Los Angeles, CA 90012

(213) 978-7508 Tel
(213) 978-7011 Fax
eric.brown@lacity.org
www.lacity.org/atty

**MIKE FEUER**
CITY ATTORNEY

April 1, 2016

**Via email to carolsobel@aol.com**
Carol Sobel, Esq.
Law Office of Carol A. Sobel
3110 Main Street, Ste. 210
Santa Monica, CA 90405

Re:  Mitchell et al. v. City of Los Angeles et al.
     USDC Cent. Dist. Case No. 2:16-cv-01750

Dear Ms. Sobel:

Thank you for your points and authorities in response to my meet and confer. I have had events occur that will require my attention this afternoon, but in any event, after reviewing those authorities, I do not believe that our planned phone call at 1 p.m. to discuss the issues raised in my meet and confer letter will be necessary.

I did not meet and confer with you to discuss my "reliance on *Hudson v. Palmer*." I met and conferred with you to discuss that your "Second Cause of Action for violation of due process must be dismissed" due to the legal principle that "[i]ntentional destruction of property by a government employee does not violate federal due process under the Fifth Amendment if the state provides a remedy for the loss." *Hudson* is hardly the only case enunciating that principle. If you have authorities stating that federal due process is still implicated where the state provides adequate remedies, I'm happy to consider those.

Similarly, *City of Stockton* is simply one fact pattern in which the requirements of Government Code § 945.4 are discussed. That section very clearly states that suit cannot be brought until the claim is presented.

Sobel Letter
April 1, 2016
Page 2

I do not know what you are referring to as to a motion to dismiss the state claims being moot, since no action need be taken because you did not comply with the claims presentation requirements at all. The primary purpose of the claims presentation statute is to avoid costly litigation by allowing the settlement of disputes *before* suit is filed; so to my reading of the facts here, you have mooted that purpose by not filing the claim until after suit and bringing an expensive action for a TRO soon after presenting the claim.

As always, if you have authorities to the contrary, I would certainly review them before moving forward with any motion. Otherwise, we can agree to disagree and let the court resolve the issue.

                                            Sincerely,

                                            Eric Brown
                                            Deputy City Attorney

eb

**EXHIBIT D**

Eric

On Thu, Mar 31, 2016 at 9:56 AM, Carol Sobel <carolsobel@aol.com> wrote:
> We will provide you with the video. It must be manually filed with the Court, which we are doing this morning. Also, some of the decs and exhibits were filed without captions, so they are being refiled in a few minutes and you will have them. There is nothing new and no part of any exhibit you do not have except for the video. That means that our TRO will be considered filed today.
>
> carolsobel@aol.com
>
> [Quoted text hidden]
> [Quoted text hidden]
> [Quoted text hidden]

---

**Eric Brown** <eric.brown@lacity.org>  Thu, Mar 31, 2016 at 6:11 PM
To: Carol Sobel <carolsobel@aol.com>
Cc: Terry Lee <terry.lee@lacity.org>

Carol,

Yes, can you do it at 1:15?

Eric Brown
Sent from my iPhone

On Mar 31, 2016, at 11:50 AM, Carol Sobel <carolsobel@aol.com> wrote:

> Eric,
>
> Shayla will be at my office tomorrow around 1 pm. Do you want to do a conference call on your request to meet and confer on the motion to dismiss? Also, we filed an amended complaint but are waiting for Judge Otero to order it filed. So, I think that buys you time on any motion to dismiss. The amended complaint does not address the issues you raised, but we think the motion lacks merit, as we can explain on the call.
>
> Let me know your preference.
>
> Carol
>
> carolsobel@aol.com
>
> -----Original Message-----
> From: Eric Brown <eric.brown@lacity.org>

To: Carol Sobel <carolsobel@aol.com>
[Quoted text hidden]

[Quoted text hidden]

---

**Carol Sobel** <carolsobellaw@gmail.com>  Thu, Mar 31, 2016 at 7:12 PM
To: Eric Brown <eric.brown@lacity.org>
Cc: Carol Sobel <carolsobel@aol.com>, Terry Lee <terry.lee@lacity.org>, "Shayla R. Myers" <SMyers@lafla.org>

Yes. I will send you our written response prior to the meet and confer.
[Quoted text hidden]