MICHAEL N. FEUER, City Attorney
THOMAS H. PETERS, Chief Assistant City Attorney
ERIC BROWN, Deputy City Attorney (State Bar No. 170410)
200 North Main Street, Room 675
Los Angeles, California 90012
Telephone: 213.978-7508
Facsimile: 213.978-7011
Eric.Brown@lacity.org

Attorneys for Defendants CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL MITCHELL, MICHEAL ESCOBEDO, SALVADOR ROQUE, JUDY COLEMAN, as individuals; LOS ANGELES CATHOLIC WORKER, CANGRESS, as organizations,<br><br>PLAINTIFFS,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity; LT. ANDREW MATHIS, SGT. HAMER and SGT. RICHTER, in their individual and official capacities,<br><br>DEFENDANTS. | CASE NO.  CV16-01750 SJO (JPRx)<br>[*Assigned to the Honorable S. James Otero, Courtroom 1*]<br><br>**CITY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:   May 9, 2016<br>Time:   10 a.m.<br>Place:  Courtroom 1 |

**Argument**

**I.     The City's meet and confer was adequate.**

Federal courts do not endorse arguments asserting the inadequacy of pre-motion meet and confers which elevate form over substance, as Plaintiffs urge here. *Bicek v. C&S Wholesale Grocers, Inc.*, 2013 U.S. Dist. LEXIS 139897 at 9-10 (E.D.

1

**REPLY IN SUPPORT OF MOTION TO DISMISS FAC**

Cal. 2013). Also, when a clear legal deficiency has been pointed out to a party, little is accomplished through asking for further briefing. *See*, *e.g.*, *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 2015 U.S. Dist. LEXIS 167668 at 6-7 (S.D. Cal. 2015).

As counsel for Plaintiffs has pointed out, the parties discussed the items at issue in the motion on more than one occasion. Plaintiffs attempted to distinguish the City's authority, and the City rejoined that Plaintiffs were trying to big principles of law with broad application – in other words, the parties discussed that they had a substantive disagreement over whether the case law applied to the facts pleaded, and they could not come to a resolution. That seems to be the definition of meeting and conferring.

Counsel for the City was not able to go through with the planned telephone conference with Plaintiff's counsel on April 1, 2016 because of the TRO. That morning, this Court informed counsel for the City of how much time he would be allowed to respond to Plaintiffs' request for a TRO, and he immediately had to focus on the TRO response. Brown Decl., ¶ 2. In any event, counsel did continue to meet and confer that day by responding to Plaintiffs' meet and confer letter and inviting any authorities that were inapposite to his. *Id*.

II.   **The City's cases stand for the propositions for which they were cited.**

For their injuries under state law, Plaintiffs plead, explicitly, that they seek: "damages" under their Sixth Cause of Action (First Amended Complaint ("FAC") ¶ 105) pursuant to California Civil Code § 52.1; a remedy for "pain and suffering" under their Seventh Cause of Action for violation of California Government Code § 11135 (FAC ¶ 110); a remedy for "pain and suffering" under their Eighth Cause of Action for violation of California Civil Code § 51 (FAC ¶ 116); a remedy for having "failed to protect and preserve the personal property of Plaintiffs when the property was on the public sidewalk and streets" under their Ninth Cause of Action for violation of California Civil Code § 2080 (FAC ¶ 118); "damages" for loss of

personal property under their Tenth Cause of Action for conversion (FAC ¶ 123); and a remedy under their Eleventh Cause of Action for "injury" which Plaintiffs "suffer and continue to suffer" due to false arrest (FAC ¶ 123).

Plaintiffs did not comply with the Government Claims Act, as they only filed their claim after they filed suit. *City of Stockton v. Superior Court (Civic Partners Stockton)*, 42 Cal. 4th 730, 746 (2007). That case is the California Supreme Court stating, in no uncertain terms, that the statute itself states in no uncertain terms that compliance must occur before the suit is filed. But Plaintiffs claim their failure to comply does not matter, because injunctive relief is their primary goal, and that does not require compliance with the claim-filing statute. Opp. at 6:8-15. Any damages sought are "incidental to the primary relief sought by this action." Id. at 6:12-13.

It is by no means clear that the money damages requested in the state law causes of action are merely "incidental" to the request for injunctive relief. Usually, the remedy sought for "pain and suffering" is money damages. In fact, in all of the causes of action, the money damages appear to be pleaded either as the explicit, primary relief sought, or they are sought co-extensively with injunctive relief. Dismissal for failure to comply with the Claims Act would seem to be appropriate. At a minimum, Plaintiffs should be required to re-word these causes of action to show that money damages are only sought to the extent they are an incidental cost of having to obtain injunctive relief.

### III. Plaintiffs' due process claim is not adequately pleaded.

Plaintiffs argue that they "have sufficiently alleged that the City, including the LAPD and the Bureau of Sanitation, were acting pursuant to City policies, customs, and practices when the Plaintiffs were deprived of their belongings. [Citations.] This is enough to state a claim for a due process violation, irrespective of whether state law remedies exist." Opp. at 4:3-7. In support of this proposition, they cite *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1032 (9th Cir. 2012).

But the allegations of this case are different than the allegations of *Lavan*. In

his denial of Plaintiffs' request to relate the instant case to *Lavan* and transfer it to himself, Judge Gutierrez wrote,

> "Although the two cases present similar legal theories, they are factually distinct. In [*Lavan*], Plaintiffs are homeless individuals whose property was allegedly confiscated and destroyed by Defendant, even though there was allegedly no evidence that the property was abandoned. In [the instant case, *Mitchell*], Plaintiffs are homeless individuals whose property was allegedly confiscated and destroyed and/or mishandled during arrests. The Court therefore does not believe that transfer is warranted."

Dkt 27 at 2.

Indeed, whether some property is mishandled during or after arrests is an issue that Plaintiffs put in front of this Court during their recent TRO request. The City put its policies and procedures before this Court, which commented,

> "The Court commends the City for following this protocol. If the City deems that specific property is infected with disease or toxins, then the immediate seizure of this specific property is not unreasonable under the Fourth Amendment. The narrow preliminary injunction issued here should not dissuade Defendants from pursuing this important public health duty."

TRO Ruling, Dkt 51 at 4. The purpose of the City's policies and procedures in the instant case is not to seize property wholesale. So the question here is whether a due process claim is still stated on allegations or judicially-noticeable facts that property is sometimes, incidentally, mishandled or misplaced.

Such alleged mishandling or misplacement does not give rise to a constitutional claim. Where the initial seizure was proper – such as incident to arrest, and subsequent exercise of law enforcement's caretaking function subject to a prisoner's release from jail – there was no Fourth Amendment seizure. "[T]he Fourth Amendment protects an individual's interest in retaining possession of property but not the interest in regaining possession of property." *Reynaga v. Monterey County*

4

**REPLY IN SUPPORT OF MOTION TO DISMISS FAC**

*Dist. Attorney's Office*, 2014 U.S. Dist. LEXIS 31432 at 4-5 (N.D. Cal. 2014) *quoting Fox v. Van Oosterum*, 176 F.3d 342, 350 (6th Cir. 1999). The reason that the U.S. Constitution ceases to be the enforcement mechanism for regaining property is because regaining the property, or being compensated for its loss, is the realm of a replevin action, as argued in the moving papers. *Silva v. Macauley*, 135 Cal. App. 249, 253 (1933); Cal. Civ. Proc. Code § 340(d).

Plaintiffs' due process claim should be dismissed.

## Conclusion

For the reasons set forth herein, the City respectfully requests that this Court grant its motion to dismiss. Defendants further request that this Court grant any additional relief that it deems just and proper.

DATED: April 25, 2016        MICHAEL N. FEUER, City Attorney
                              THOMAS H. PETERS, Chief Asst. City Attorney
                              ERIC BROWN, Deputy City Attorney


                              By: _____/S/_____
                                   ERIC BROWN
                                   Deputy City Attorney

                              Attorneys for Defendants
                              CITY OF LOS ANGELES

**REPLY IN SUPPORT OF MOTION TO DISMISS FAC**

# DECLARATION OF ERIC BROWN

I, Eric Brown, declare as follows:

1. I am an attorney duly licensed to practice law before all of the courts of this district, and am a Deputy City Attorney in the Office of the Los Angeles City Attorney, attorneys of record for Defendant City of Los Angeles. I have personal knowledge of the facts contained herein, and if called to testify about those facts, I could and would do so competently.

2. On March 31, 2016, I moved this Court ex parte for additional time to respond to the Plaintiffs' request for a TRO. I heard back from the Court on April 1, 2016. The Court granted additional time, and in light of my deadline, I concentrated on responding to Plaintiffs' TRO as my top priority. Because of this, I was not able to meet telephonically with Plaintiffs' counsel on this motion to dismiss on April 1st as I had originally planned. However, I did send Plaintiffs' counsel an additional meet and confer letter, and I did invite her to respond with any countervailing authorities.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of April, 2016, at Los Angeles, California.

_____/s/_____
Eric Brown, Declarant

**REPLY IN SUPPORT OF MOTION TO DISMISS FAC**