Carl Mitchell, et al v. City of Los Angeles, et al
USDC Case No. CV16-01750 SJO (JPR)

# ATTACHMENT  2

Ordinance No. 184182

ORDINANCE NO. _____ 184182

An ordinance amending Section 56.11, Article 6, Chapter V, of the Los Angeles Municipal Code to regulate the storage of personal property in public areas.

**THE PEOPLE OF THE CITY OF LOS ANGELES**
**DO ORDAIN AS FOLLOWS:**

Section 1. Section 56.11 of the Los Angeles Municipal Code is amended to read as follows:

**SEC. 56.11.   STORAGE OF PERSONAL PROPERTY.**

1.      **Declaration of Legislative Intent – Purpose.**  The City enacts this section to balance the needs of the residents and public at large to access clean and sanitary public areas consistent with the intended uses for the public areas with the needs of the individuals, who have no other alternatives for the storage of personal property, to retain access to a limited amount of personal property in public areas.  On the one hand, the unauthorized use of public areas for the storage of unlimited amounts of personal property interferes with the rights of other members of the public to use public areas for their intended purposes and can create a public health or safety hazard that adversely affects those who use public areas.  On the other hand, the City's large and vulnerable homeless population needs access to a manageable amount of essential property for their personal use and well-being.  This section attempts to balance the needs of all of the City's residents.

2.      **Definitions.**  The definitions contained in this subsection shall govern the construction, meaning and application of words and phrases used in this section.

(a)      **"Alley"** means any Highway having a Roadway not exceeding 25 feet in width which is primarily for access to the rear or side entrances of abutting property.

(b)      **"Bikeway"** means all facilities that provide primarily for, and promote, bicycle travel.

(c)      **"Bulky Item"** means any item, with the exception of a constructed Tent, operational bicycle or operational walker, crutch or wheelchair, that is too large to fit into a 60-gallon container with the lid closed, including, but not limited to, a shed, structure, mattress, couch, chair, other furniture or appliance.  A container with a volume of no more than 60 gallons used by an individual to hold his or her Personal Property shall not in itself be considered a Bulky Item.

(d)      **"City Employee"** means any full or part-time employee of the City of Los Angeles or a contractor retained by the City for the purpose of implementing this Section.

1

(e)     **"Essential Personal Property"** means any and all Personal Property that cumulatively is less than two cubic feet in volume, which, by way of example, is the amount of property capable of being carried within a backpack.

(f)     **"Excess Personal Property"** means any and all Personal Property that cumulatively exceeds the amount of property that could fit in a 60-gallon container with the lid closed.

(g)     **"Highway"** means a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel.

(h)     **"Parkway"** means the area of the Street between the back of the curb and the Sidewalk that typically is planted and landscaped.

(i)     **"Person"** means any individual.

(j)     **"Personal Property"** means any tangible property, and includes, but is not limited to, goods, materials, merchandise, Tents, tarpaulins, bedding, sleeping bags, hammocks, personal items such as household items, luggage, backpacks, clothing, documents and medication.

(k)     **"Public Area" or "Public Areas"** means all property that is owned, managed or maintained by the City, except property under the jurisdiction of the Department of Recreation and Parks which is governed by Los Angeles Municipal Code Section 63.44, and shall include, but not be limited to, any Street, medial strip, space, ground, building or structure.

(l)     **"Roadway"** means that portion of a Highway improved, designed or ordinarily used for vehicular travel.

(m)     **"Sidewalk"** means that portion of a Highway, other than the Roadway, set apart by curbs, barriers, markings or other delineation, for pedestrian travel.

(n)     **"Storage Facility"** means any facility, whether operated by a public, non-profit or private provider, which allows and has capacity for voluntary storage, free of charge, for a homeless person to store Personal Property up to the equivalent of the amount of property that would fit into a single 60-gallon container with the lid closed.

(o)     **"Store," "Stored," "Storing" or "Storage"** means to put Personal Property aside or accumulate for use when needed, to put for safekeeping, and/or to place or leave in a Public Area.  Moving Personal Property to another location in a Public Area or returning Personal Property to the same block on a daily or regular basis shall be considered Storing and shall not be considered to be removing the Personal Property from a Public Area.  This definition shall not

2

include any Personal Property that, pursuant to statute, ordinance, permit, regulation or other authorization by the City or state, is Stored with the permission of the City or state on real property that is owned or controlled by the City.

(p)     **"Street"** includes every Highway, avenue, lane, Alley, court, place, square, Sidewalk, Parkway, curbs, Bikeway or other public way in this City which has been or may hereafter be dedicated and open to public use, or such other public property so designated in any law of this state.

(q)     **"Tent"** means a collapsible shelter made of fabric such as nylon or canvas or a tarp stretched and sustained by supports, which is not open on all sides and which hinders an unobstructed view behind or into the area surrounded by the fabric.  In order to qualify as a Tent for purposes of this subsection, a Tent, when deconstructed, must be able to fit within a 60-gallon container with the lid closed.

(r)     **"Unattended"** means no Person is present with the Personal Property who asserts or claims ownership over the Personal Property. Conversely, property is considered **"Attended"** if a Person is present with the Personal Property and the Person claims ownership over the Personal Property.

3.     **Regulation and Impoundment of Stored Personal Property; Discard of Certain Stored Personal Property.**

(a)     No Person shall Store any Unattended Personal Property in a Public Area.  With pre-removal notice as specified in Subsection 4(a), the City may impound any Unattended Personal Property in a Public Area, regardless of volume.  Post-removal notice shall be provided as set forth in Subsection 4(b), below.

(b)     No Person shall Store any Attended Excess Personal Property in a Public Area.  With pre-removal notice as specified in Subsection 4(a), the City may impound any Attended Excess Personal Property Stored in a Public Area. Post-removal notice shall be provided as set forth in Subsection 4(b), below.

(c)     No Person shall Store any Personal Property in a Public Area in such a manner as to obstruct City operations, including a Street or Sidewalk maintenance or cleaning.  Without prior notice, the City may temporarily move Personal Property, whether Attended or Unattended, which is obstructing City operations in a Public Area, including a Street or Sidewalk maintenance or cleaning, during the time necessary to conduct the City operations.  The City also may impound Personal Property that is obstructing City operations in a Public Area, pursuant to Subsection 3(a) or 3(b).

(d)     No Person shall Store any Personal Property in a Public Area in such a manner that it does not allow for passage as required by the Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990), as amended from time to time (ADA). Without prior notice, the City may move and may immediately impound any Personal Property, whether Attended or Unattended, Stored in a Public Area in such a manner that it does not allow for passage as required by the ADA. Post-removal notice shall be provided as set forth in Subsection 4(b), below.

(e)     No Person shall Store any Personal Property within ten feet of any operational and utilizable entrance, exit, driveway or loading dock. Without prior notice, the City may move and may immediately impound any Personal Property, whether Attended or Unattended, Stored in a Public Area within ten feet of any operational and utilizable entrance, exit, driveway or loading dock. Post-removal notice shall be provided as set forth in Subsection 4(b), below.

(f)     No Person shall Store in a Public Area that has a clearly posted closure time any Personal Property after the posted closure time. Without prior notice, the City may remove and impound Personal Property, whether Attended or Unattended, Stored in a Public Area that has a clearly posted closure time, provided the Personal Property is removed and impounded after the posted closure time. Post-removal notice shall be provided as set forth in Subsection 4(b), below.

(g)     No Person shall Store any Personal Property in a Public Area if the Personal Property, whether Attended or Unattended, constitutes an immediate threat to the health or safety of the public. Without prior notice, the City may remove and may discard any Personal Property Stored in a Public Area if the Personal Property poses an immediate threat to the health or safety of the public.

(h)     No Person shall Store any Personal Property in a Public Area if the Personal Property, whether Attended or Unattended, constitutes an evidence of a crime or contraband. Without prior notice, the City may remove and may discard any Personal Property that constitutes evidence of a crime or contraband, as permissible by law.

(i)     No Person shall Store any Bulky Item in a Public Area. Without prior notice, the City may remove and may discard any Bulky Item, whether Attended or Unattended, Stored in a Public Area unless the Bulky Item is designed to be used as a shelter. For any Bulky Item that is designed to be used as a shelter but does not constitute a Tent as defined in Subsection 2(q), with pre-removal notice as specified in Subsection 4(a), the City may remove and discard the Bulky Item, whether Attended or Unattended. If the Bulky Item violates Subsection 3(d)-(h) herein, even if it is designed to be used as a shelter, without prior notice, the City may remove and discard the Bulky Item, whether Attended or Unattended.

4

(j)      Upon the creation of any new Storage Facility, increased capacity at an Existing Storage Facility or subsidized transportation assistance to a Storage Facility, the Chief Administrative Officer shall report to the Council to inform the Council's consideration of whether to prohibit a Person from Storing more than Essential Personal Property in a Public Area in a specified radius from a Storage Facility, based upon the amount of the additional storage capacity and the accessibility thereto.  In consideration of the CAO's report, the Council may, by resolution, prohibit a Person within a specified radius of a Storage Facility from Storing more than Essential Personal Property in a Public Area.

4.      **Notice.**

(a)      **Pre-Removal Notice.**  Pre-removal notice shall be deemed provided if a written notice is provided to the Person who is Storing or claims ownership of the Personal Property, or is posted conspicuously on or near the Personal Property and the actual removal commences no more than 72 hours after the pre-removal notice is posted.  The written notice shall contain the following:

          (1)      A general description of the Personal Property to be removed.

          (2)      The location from which the Personal Property will be removed.

          (3)      The date and time the notice was posted.

(4)      A statement that the Personal Property has been stored in violation of Section 56.11, Subsection 3.

(5)      A statement that the Personal Property may be impounded if not removed from Public Areas within 24 hours.

(6)      A statement that moving Personal Property to another location in a Public Area shall not be considered removal of Personal Property from a Public Area.

(7)      The address where the removed Public Property will be located, including a telephone number and the internet website of the City through which a Person may receive information as to impounded Personal Property as well as information as to voluntary storage location(s).

(8)      A statement that impounded Personal Property may be discarded if not claimed within 90 days after impoundment.

5

(b)    **Post-Removal Notice.**  Upon removal of Stored Personal Property, written notice shall be conspicuously posted in the area from which the Personal Property was removed.  The written notice shall contain the following:

(1)    A general description of the Personal Property removed.

(2)    The date and approximate time the Personal Property was removed.

(3)    A statement that the Personal Property was stored in a Public Area in violation of Section 56.11, Subsection 3.

(4)    The address where the removed Personal Property will be located, including a telephone number and internet website of the City through which a Person may receive information as to impounded Personal Property.

(5)    A statement that impounded Personal Property may be discarded if not claimed within 90 days after impoundment.

5.    **Storage and Disposal.**

(a)    Except as specified herein, the City shall move Personal Property to a place of storage.

(b)    Except as specified herein, the City shall store impounded Personal Property for 90 days, after which time, if not claimed, it may be discarded.  The City shall not be required to undertake any search for, or return, any impounded Personal Property stored for longer than 90 days.

(c)    The City shall maintain a record of the date any impounded Personal Property was discarded.

6.    **Repossession.**  The owner of impounded Personal Property may repossess the Personal Property prior to its disposal upon submitting satisfactory proof of ownership.  A Person may establish satisfactory proof of ownership by, among other methods, describing the location from and date when the Personal Property was impounded from a Public Area, and providing a reasonably specific and detailed description of the Personal Property.  Valid, government-issued identification is not required to claim impounded Personal Property.

7.    **Ban on Erection of Tent during Certain Daytime Hours.**  No Person shall erect, configure or construct a Tent in any Public Area from 6:00 a.m. to 9:00 p.m. (except during rainfall or when the temperature is below 50 degrees Fahrenheit).  A Person must take down, fold, deconstruct or put away any Tent erected, configured or constructed in any Public Area between the hours of 6:00 a.m. and 9:00 p.m. (except

6

during rainfall or when the temperature is below 50 degrees Fahrenheit).  Without prior notice, the City may deconstruct and may impound any Tent, whether Attended or Unattended, located in any Public Area in violation of this subsection or in violation of Subsections 3(c)-(h) hereof.  The City shall provide post-removal notice for any impounded Tent, as set forth in Subsection 4(b), herein.

       8.     **Ban on Attachments to Public and Private Property.**

       (a)     **Public Property.**  No Person shall erect any barrier against or lay string or join any wires, ropes, chains or otherwise attach any Personal Property to any public property, including but not limited to, a building or portion or protrusion thereof, fence, bus shelter, trash can, mail box, pole, bench, news rack, sign, tree, bush, shrub or plant, without the City's prior written consent.

       (b)     **Private Property.**  No Person shall erect any barrier against or lay string or join any wires, ropes, chains or otherwise attach any Personal Property to any private property in such a manner as to create an obstruction on or across any Street or area where the public may travel.

       (c)     **Removal.**  Without prior notice, the City may remove any barrier, string, wires, ropes, chains or other attachment of Personal Property, whether Attended or Unattended, to any public property, or to any private property which creates an obstruction to any Street or area where the public may travel.

       9.     **Illegal Dumping.**  Nothing herein precludes the enforcement of any law prohibiting illegal dumping, including but not limited to California Penal Code Section 374.3, and Los Angeles Municipal Code Sections 41.14, 63.44.B.13 or 190.02, or any successor statutes proscribing Illegal dumping.

       10.     **Unlawful Conduct.**  Los Angeles Municipal Code Section 11.00 shall not apply to violations of this section except as follows:

       (a)     No Person shall willfully resist, delay or obstruct a City employee from moving, removing, impounding or discarding Personal Property Stored in a Public Area in violation of Subsections 3(a)-(h).

       (b)     No Person shall refuse to take down, fold, deconstruct or otherwise put away any Tent erected or configured between the hours of 6:00 a.m. and 9:00 p.m., in violation of Subsection 7, or willfully resist, delay or obstruct a City employee from taking down, folding, deconstructing, putting away, moving, removing, impounding or discarding the Tent, including by refusing to vacate or retreat from the Tent.

       (c)     No Person shall refuse to remove any barrier, string, wire, rope, chain or other attachment that violates Subsection 8, or willfully resist, delay or obstruct a City employee from deconstructing, taking down, moving, removing,

impounding or discarding the barrier, string, wire, rope, chain or other attachment, including by refusing to vacate or retreat from an obscured area created by the attachment.

(d)     No Person shall willfully resist, delay or obstruct a City employee from removing or discarding a Bulky Item Stored in violation of Subsection 3(i), including by refusing to vacate or retreat from within the Bulky Item or from an obscured area created by the Bulky Item.

(e)     If Subsection 3(j) becomes operative by resolution in any area of the City, no Person shall willfully resist, delay or obstruct a City employee from removing or impounding any Personal Property that exceeds the limit on Essential Personal Property.

(f)     A violation of Subsection 9 prohibiting illegal dumping.

11.     **Designated Administrative Agency.**  The City's Department of Public Works, Bureau of Sanitation, is hereby charged with serving as the Designated Administrative Agency (DAA), for the purposes of this ordinance.  The DAA shall promulgate rules, protocols and procedures for the implementation and enforcement of this ordinance, consistent with the provisions herein.

12.     **Severability.**  If any subsection, sentence, clause or phrase of this article is for any reason held to be invalid or unconstitutional by a court of competent jurisdiction, such decision shall not affect the validity of the remaining portions of this ordinance.  The City Council hereby declares that it would have adopted this section, and each and every subsection, sentence, clause and phrase thereof not declared invalid or unconstitutional, without regard to whether any portion of the ordinance would be subsequently declared invalid or unconstitutional.

Sec. 2.  **URGENCY CLAUSE.**  The City Council finds and declares that this ordinance is required for the immediate protection of the public peace, health and safety for the following reason:  In order for the City of Los Angeles to ensure that its public areas are in clean, sanitary and accessible condition, and to promote the public health and safety by ensuring that public areas remain readily accessible for their intended uses, it is necessary that the amendments to the Los Angeles Municipal Code as reflected in this ordinance become effective as soon as possible.  For all these reasons, the ordinance shall become effective upon publication pursuant to Los Angeles City Charter Section 253.

Sec. 3.  The City Clerk shall certify to the passage of this ordinance and have it published in accordance with Council policy, either in a daily newspaper circulated in the City of Los Angeles or by posting for ten days in three public places in the City of Los Angeles:  one copy on the bulletin board located at the Main Street entrance to the Los Angeles City Hall; one copy on the bulletin board located at the Main Street entrance to the Los Angeles City Hall East; and one copy on the bulletin board located at the Temple Street entrance to the Los Angeles County Hall of Records.

I hereby certify that the foregoing ordinance was introduced at the meeting of the Council of the City of Los Angeles ___MAR 3 0 2016___, and passed at it's meeting of ___APR 0 6 2016___.

HOLLY L. WOLCOTT, City Clerk

By _____
                                                    Deputy

Approved _____4/6/16_____

_____
                                                    Mayor

Approved as to Form and Legality

MICHAEL N. FEUER, City Attorney

By_____
        VALERIE L. FLORES
        Senior Assistant City Attorney

Date _____MAR 3 0 2016_____

File No. 14-1656-51

m:\muni counsel\reports\no radius - lamc 56.11 personal property in public areas - alternative b - 3-17-16 - no radius limits in 3(j) - clean.docx

9