

1
2
3
4
5
6
7
8
9
10
11

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL MITCHELL, MICHEAL ESCOBEDO, SALVADOR ROQUE, JUDY COLEMAN, as individuals; LOS ANGELES CATHOLIC WORKER, CANGRESS, as organizations, <br><br> PLAINTIFFS, <br><br> v. <br><br> CITY OF LOS ANGELES, a municipal entity; LT. ANDREW MATHIS, SGT. HAMER and SGT. RICHTER, in their individual and official capacities, <br><br> DEFENDANTS. | **CASE NO. CV16-01750 SJO (JPRx)** <br> *[Assigned to the Honorable S. James Otero, Courtroom 1]* <br><br> **[Proposed] STIPULATED ORDER OF DISMISSAL** <br><br> **Action Filed: March 14, 2016** |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STIPULATED ORDER OF DISMISSAL**

On March 14, 2016, plaintiffs Carl Mitchell, Judy Coleman, Michael Escobeda, Sal Roque, the Los Angeles Catholic Worker, and Cangress ("Plaintiffs") filed the above-captioned against the City of Los Angeles ("City"), Lieutenant Andrew Mathis, Sergeant Hamer, and Sergeant Richter (collectively with the City the "Defendants").  Plaintiffs alleged that the City unlawfully seized, destroyed, and/or failed to preserve or store property located in the Skid Row area of downtown Los Angeles belonging to homeless individuals in violation of, among other things, the Fourth and Fourteenth Amendments of the United States Constitution and state and federal disability laws.  Defendants denied all material allegations in the complaint.

On April 13, 2016, this Court entered a Preliminary Injunction against enjoining the City and its agents and employees relating to the seizure, destruction, and/or storage of property located in Skid Row or its surrounding areas, incident to an arrest or as part of a clean-up of an area where homeless people are located.  [ECF Dkt. No. 51].  On September 25, 2016, this Court further addressed the terms of the preliminary injunction in an order denying Defendants' Motion for Clarification of the Preliminary Injunction Order.  [ECF Dkt. No. 102].

Following extensive discussions, the Parties subsequently reached a settlement resolving the disputed claims in this Action.  A copy of the executed Settlement and Release Agreement ("Settlement Agreement") is attached hereto as Exhibit A, the terms of which are expressly incorporated herein by reference.

The Court hereby expressly retains jurisdiction to resolve any future disputes regarding the interpretation, performance, or enforcement of the Settlement Agreement for a period of no more than three (3) years from the date of this Order.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994); *Flanagan v. Arnaiz*, 143 F.3d 540, 544 (9th Cir. 1998).

**NOW THEREFORE**, pursuant to Federal Rule of Civil Procedure 41(a)(2), and good cause appearing therefore, the Court HEREBY ORDERS AND DECREES the following:

1

**STIPULATED ORDER OF DISMISSAL**

1.     The Court's Preliminary Injunction dated April 13, 2016 is hereby dissolved in its entirety.

2.     The Court expressly incorporates all of the terms of the Settlement Agreement, attached as Exhibit A, into this Order, including all non-monetary terms outlined in Section 4 of the Settlement Agreement.

3.     The Court expressly retains exclusive jurisdiction for a period of three (3) years from the date of this Order to enforce the Settlement Agreement, and to resolve any future disputes regarding interpretation, performance, or enforcement of the Agreement, including and expressly, the non-monetary terms set forth in the Agreement.

4.     The Parties shall comply with the Dispute Resolution procedures in the Settlement Agreement before seeking Court intervention to address any disputes related to the Settlement Agreement.

5.     Except as may be provided otherwise in the Settlement Agreement, each side shall bear their own fees and costs in this Action.

6.     This entire Action is hereby dismissed with prejudice as to all Defendants.

**IT IS SO ORDERED**.

Dated:

_____

Hon. S. James Otero
Judge, United States District Court

2
**STIPULATED ORDER OF DISMISSAL**

**APPROVED AS TO FORM:**

Dated:  May 28, 2019                    LOS ANGELES CITY ATTORNEY'S OFFICE

                                        By: _____/s/_____
                                             FELIX LEBRON
                                             Deputy City Attorney

                                        Attorney for Defendants
                                        City of Los Angeles, Lt. Andrew Mathes,
                                        Sgt. Richter, and Sgt. Hamer

Dated:  May 28, 2019                    SCHONBRUN SEPLOW HARRIS &
                                        HOFFMAN LLP

                                        By: _____/s/_____
                                             CATHERINE SWEETSER

                                        Attorneys for Plaintiffs

Dated:  May 28, 2019                    LAW OFFICE OF CAROL A. SOBEL

                                        By: _____/s/_____
                                             CAROL A. SOBEL

                                        Attorneys for Plaintiffs

Dated:  May 28, 2019                    LEGAL AID FOUNDATION OF LOS
                                        ANGELES

                                        By: _____/s/_____
                                             SHAYLA R. MYERS

                                        Attorneys for Plaintiffs Carl Mitchell, Judy
                                        Coleman, Michael Escobedo, CANGRESS,
                                        and Los Angeles Catholic Worker

All parties have authorized the use of their electronic signatures for this document.

3

**STIPULATED ORDER OF DISMISSAL**

EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This **SETTLEMENT AND RELEASE AGREEMENT** (the "**Agreement**") is made and entered into as of April 25, 2019, by and among Carl Mitchell, Judy Coleman, Salvador Roque, the Los Angeles Catholic Worker, and Cangress (collectively the "**Plaintiffs**") and the City of Los Angeles (the "**City**"). The City and Plaintiffs may sometimes be each referred to as a "**Party**" or, collectively, the "**Parties**."

## RECITALS

A.  **WHEREAS**, on or around March 14, 2016, Plaintiffs filed a lawsuit against the City and Los Angeles Police Department officers Lieutenant Andrew Mathis, Sergeant Mark Hamer, and Sergeant Jack Richter in the United States District Court, Central District of California, Case No. CV-16-01750 SJO (JPRx), alleging claims that the City unlawfully seized, destroyed, and/or failed to preserve or store property located in or around downtown Los Angeles belonging to homeless individuals in violation of, among other things, the Fourth and Fourteenth Amendments of the United States Constitution and state and federal disability laws (the "**Action**");

B.  **WHEREAS**, the City expressly denies all claims alleged in the Action and further denies that the City and any of its officers, employees, or agents violated any laws or committed any wrongful acts or omissions against the Plaintiffs as alleged in the Action;

C.  **WHEREAS**, on April 13, 2016, the District Court entered a preliminary injunction against the City and its agents and employees relating to the seizure, destruction, and/or storage of property located in Skid Row[1] or its surrounding areas incident to an arrest or as part of a clean-up of an area where homeless people are located;

D.  **WHEREAS**, on September 25, 2017, the District Court further addressed the terms of the preliminary injunction in an order denying the City's motion for clarification of the order granting the preliminary injunction; and

E.  **WHEREAS**, the Parties desire to fully and finally compromise and settle all claims arising out of or relating to all matters alleged or that could have been alleged in the Action, without any admission of fault, liability, or wrongdoing, in the

---

[1] "Skid Row" is defined in *Jones v. City of Los Angeles*, 444 F.3d 1118, 1121 (9th Cir. 2006) as being bordered by Third Street to the north, Seventh Street to the south, Alameda Street to the east, and Main Street to the west.

interests of avoiding the additional expense and the inherent uncertainties of protracted litigation upon the terms and conditions set forth in this Agreement.

## AGREEMENT

**NOW, THEREFORE**, in consideration of the foregoing recitals and the mutual covenants and promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. **MONETARY TERMS.**  The City shall pay a total amount of $645,000.00, which shall be inclusive of any and all claims for damages, attorneys' fees, or costs claimed by Plaintiffs in the Action ("**Settlement Sum**").  Within thirty (30) days of the City obtaining all necessary approvals, the City shall pay the Settlement Sum in the form of a check or checks made payable to the Legal Aid Foundation of Los Angeles, and shall deliver that payment to the Legal Aid Foundation of Los Angeles, 7000 S. Broadway, Los Angeles CA  90003.

2. **STIPULATED SETTLEMENT AND ORDER OF DISMISSAL.**

   a. Within ten (10) business days after receiving written notice from the City confirming that the City has obtained all approvals needed to make this Agreement final and binding, as set forth in Section 7 below, Plaintiffs and City shall jointly file a Stipulated Settlement  and Order of Dismissal, the form of which is attached hereto as **Exhibit A** ("**Order**").

   b. This Agreement shall have a term of three (3) years commencing on the date the Court enters the Order.  The Order shall include an express provision for the District Court to retain jurisdiction to enforce the terms of this Agreement for a period of three (3) years following the date of the Court's entry of the Order.  The Court's jurisdiction may be extended-in whole or in part-for an additional period of one year upon proof that the City has failed to substantially comply with the provisions of the Order.  Any determination of a failure to substantially comply under this provision shall be based on the totality of circumstances and not a single or isolated failure during otherwise sustained compliance.

   c. If necessary to permit the City adequate time to remedy an alleged failure to comply with the Order, the Parties may submit a joint request to extend the Court's initial period of jurisdiction.

2

3. **RELEASES.**  The following releases shall become effective upon the City's payment to Plaintiffs of the Settlement Sum as provided in Section 1:

    a. The undersigned Plaintiffs to this Agreement, each on behalf of themselves, and their respective heirs, spouses, trustees, successors, assigns, agents, representatives, attorneys, employees, officers, directors, shareholders, members, managers, principals, partners, insurers, and predecessors do hereby forever release, acquit, and discharge the City and all of its boards, bureaus, departments, administrators, officers, agents, employees, including but not limited to, Andrew Mathis, Mark Hamer, and Jack Richter, and all persons that acted on behalf of the City (collectively the "**City Released Parties**") from any and all claims, demands, actions, causes of action, suits, covenants, settlements, contracts, agreements, and liabilities for personal injuries, property damage, loss, cost or expense of every nature whatsoever, whether known or unknown, contingent or otherwise, at law or in equity, and whether or not expected to exist (the "**Claims**") which the undersigned Plaintiffs to this Agreement had, have or may have against the City Released Parties, and each of them, arising out of or related to the Action, and any allegations, events, transactions or occurrences that were alleged or that could have been alleged therein (the "**City Released Claims**").

    b. The undersigned Plaintiffs further acknowledge and agree that, as to the City Released Claims, they waive and relinquish the provisions of any protection under **Section 1542 of the** *California Civil Code* **of the State of California**, and/or any similar law, either federal or of any state or territory of the United States or statute or applicable law anywhere existing.  Plaintiffs acknowledge and agree that they understand the meaning of *California Civil Code* Section 1542, which provides as follows:

    **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH, IF KNOWN BY HIM OR HER, MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

    c. The undersigned Plaintiffs expressly acknowledge that each of them understands the significance and consequence of such a specific waiver of Section 1542 as applied to the City Released Claims.

3

4. **NONMONETARY TERMS**.

    a. <u>Covered Area</u>:  For purposes of this Agreement, the "Covered Area" shall be defined as the area of downtown Los Angeles bordered by: Second Street to the north; Eighth Street to the south; Spring Street to the west; Alameda Street to the east.  A map of the Covered Area is attached as **Exhibit B**.

    b. <u>Seizure of Property as Part of a Cleanup within the Covered Area</u>: Unless otherwise specified in this Agreement, within the Covered Area, the City will not seize property as part of a cleanup of an area where homeless people's property is located, absent an objectively reasonable belief that it is abandoned, presents an immediate threat to public health or safety, is evidence of a crime, or is contraband.  Where the City plans to engage in a cleanup of an area where homeless people are located within the Covered Area, whether as part of Operation Healthy Streets or other cleanup, the City must adhere to the following provisions, and may seize property that remains within the cleanup area as part of that cleanup, provided it does so consistent with the following:

        i. The City must provide at least 24 hours advance notice of the cleanup, advising homeless individuals of the cleanup and possible seizure of property and advising such individuals to remove property from the cleanup area before the cleanup begins;

        ii. The City must provide a 30 minute warning and opportunity for individuals to remove property when a cleanup is imminent on any block about to be cleaned;

        iii. The City will not close off more than any block on which it is actually conducting a cleanup and for no more time than cleanup personnel and equipment are actually present on the block;

        iv. If an individual's belongings remain after an area has been closed for cleaning, and the owner arrives on the scene before the process of screening and removal of his or her property has been completed, any medication, medical equipment, or identification found in the screening process will be given to the claimed owner at the scene if he or she so requests rather than sent to storage. With respect to other items which are designated for storage after the screening process, Bureau of Sanitation personnel conducting the cleanup will have discretion to give the property

to the owner at the scene rather than removing the property to storage; and

   v.   The City will not conduct cleanups if it is raining or the temperature is below 50 degrees, unless the Director of the Bureau of Sanitation determines that the cleanup is necessary to respond to an urgent condition risking public health or safety. If a cleanup is halted or postponed because of rain, the cleanup will not commence again until the City has provided new posted notice consistent with Section 4(b) of this Agreement.

Nothing contained in this Agreement shall prohibit the City from performing routine sanitation services in the Covered Area, such as picking up trash, debris, litter, and recycling, or sanitizing and cleaning streets and sidewalks, as long as such activities do not involve the seizure or removal of individuals' property.

c.  <u>Seizure of Property Incident to Arrest within the Covered Area</u>: Within the Covered Area, the City will not seize property incident to an arrest absent an objectively reasonable belief that the property is abandoned, presents an immediate threat to public health or safety, is evidence of a crime, or is contraband. Nothing contained in this Agreement limits (i) the City's right to seize property under any other applicable exception to the warrant requirement of the Fourth Amendment, including the Community Caretaking doctrine, as defined by relevant legal standards; or (ii) any arguments the Plaintiffs may make that such a seizure constitutes a violation of the Fourth Amendment of the United States Constitution, either through Plaintiffs' enforcement of this Order or in any other legal proceeding.

d.  <u>Storage of Property Seized within the Covered Area:</u>

   i.   Unless otherwise specified in this Agreement, the City will not destroy property seized within the Covered Area, absent an immediate threat to public health or safety, without maintaining the property in a secure location for a period of no less than 90 days.

   ii.   The City will provide notice advising individuals whose property is seized within the Covered Area of the address where seized property may be recovered and the hours of operation for that facility. This notice will be posted prominently in the location from which the property was taken or provided to individuals when they are released from custody.

    iii.    Property seized within the Covered Area will be stored in a facility that clearly catalogs and segregates property based on the name and identification, when available, of individuals from whom the property was taken.

    iv.    Property seized within the Covered Area will be stored in a facility from which property may be retrieved during regular business hours.

    v.    When the City seizes medication, medical equipment, and uncontaminated tents, sleeping bags, and blankets within the Covered Area, these items must be accessible within 24 hours of seizure or an individual's release from custody (where the belongings were seized from an arrestee), whichever is later. Other property seized within the Covered Area will be accessible within 72 hours after seizure.

e.    <u>Large Furniture, Appliances, and Similar Items</u>:  Nothing contained in this Agreement shall prohibit the City from seizing within the Covered Area, with or without notice, nor require the City to store or maintain, the following items:

    i.    couches, mattresses, dressers, or other similarly-sized or larger furniture;

    ii.    wooden pallets;

    iii.    refrigerators or other similarly-sized or larger appliances, or barbeques or other open-flame cooking devices having fuel containers with a water capacity greater than 2.5 pounds.

f.    <u>Impeding ADA Access or Ingress/Egress</u>:

    i.    If property in the Covered Area is (a) obstructing entrance into, or exit from, any building or property, including impeding entry or exit into a driveway, loading dock, or other ingress or egress point of a building, business, residence, or real property, or (b) impeding access as required by the American with Disabilities Act, the property may be moved, with or without notice, to provide appropriate clearance.

    ii.    If (a) property is attended and the person attending the property refuses to move it or have it moved to another location for them to provide appropriate clearance of the obstruction or impediment or (b) property is unattended and City personnel

6

responsible for moving the unattended property reasonably determine that the unattended property cannot reasonably be moved to provide appropriate clearance, then the City may seize the property, with or without notice, and store it in accordance with Section 4(d) of this Agreement; provided, however, that if the person attending the property is impaired and incapable of moving the property, City personnel may reasonably assist the individual with compliance if the attended property can reasonably be moved to provide appropriate clearance.

g. <u>Documentation</u>:  The City must document and maintain records containing sufficient detail to document compliance with the terms and conditions of Section 4 of this Agreement.  The City shall maintain the documentation for a period of no less than one year.  The City will make such documentation available to Plaintiffs within twenty (20) business days after the receipt of a written request made to the City Attorney's Office pursuant to the Notice provisions in Section 23 of this Agreement.  The time in which to request or produce such documentation may be extended by mutual agreement of the Parties.

5. **EXPRESS RESERVATION.**  This Agreement shall not prohibit or prevent the City from enforcing laws otherwise applicable within the Covered Area that are not inconsistent with this Agreement.  Nor do the Parties waive any right to dispute in the future whether or not enforcement of any law otherwise applicable in the Covered Area violates state or federal law or the California or United States Constitutions.

6. **MODIFICATION CLAUSE**.  If a court issues an order or judgment regarding the constitutionality of, or the City's ability to enforce, any law, code, ordinance, or regulation (including but not limited to LAMC § 56.11), or if the City and Plaintiffs Los Angeles Catholic Worker and Cangress enter into a written agreement regarding City's policies or procedures concerning the property of homeless individuals, and that order, judgment, or agreement conflicts with or is inconsistent with any part or subpart of the terms contained in Section 4 of this Agreement, the Parties agree that the conflicting or inconsistent part(s) or subpart(s) of this Agreement shall no longer be effective.  In the event a Party asserts that an order, judgment, or agreement conflicts with or is inconsistent with a part or subpart of the terms contained in Section 4, the Party shall notify the other Parties pursuant to Section 23 of this Agreement.  If the Parties disagree as to whether a conflict

or inconsistency exists, the question of whether a conflict or inconsistency exists shall be resolved according to Section 22 of this Agreement.

7. **FINAL APPROVAL.**  The Parties understand and agree that this Agreement is subject to final approval by the City Council or other City officers, boards, commissions, or entities, and that the execution of this Agreement is subject to and conditioned upon the granting of all such City approvals needed to make this Agreement final and binding.  The person signing this Agreement on behalf of the City will recommend that this Agreement be so approved. Once the City has formally and finally approved this Agreement, the City shall provide the Parties' respective counsel of record with written confirmation of said approval within ten (10) business days of such approval being given.

8. **NO RELIANCE.**  Except as expressly set forth herein, the Parties are not entering into this Agreement in reliance upon any express or implied warranty, representation, agreement, or understanding of any kind made by, or entered into by, the Parties.  The Parties expressly acknowledge and agree that they have each relied upon their own information and investigations as to all matters agreed, represented, warranted, or acknowledged herein, and the Parties do not have any desire for further information or for further investigation.

9. **INTEGRATION.**  This Agreement supersedes any and all other agreements, understanding or representations, either oral or in writing, with respect to the matters addressed herein.  This Agreement sets forth the entire agreement of the Parties hereto with respect to such matters.

10. **AMENDMENTS.**  Except as otherwise provided in Section 6, the Parties agree that this Agreement shall only be amended by written instruments executed by the Parties.  Plaintiffs Carl Mitchell, Judy Coleman, and Salvador Roque expressly assign their rights to amend this Agreement to Plaintiffs Los Angeles Catholic Worker and Cangress.

11. **ADVICE OF COUNSEL.**  In entering this Agreement, the Parties represent that they have had the opportunity to seek the advice of an attorney of their own choice, to review and explain the terms of this Agreement, and/or that they have voluntarily and willingly waived such right having read and understood the Agreement on their own behalf.

12. **GOVERNING LAW.**  This Agreement shall be construed in accordance with the laws of the State of California.

13. **SEVERABILITY.**  If any provision of this Agreement shall for any reason be determined by a court of competent jurisdiction (sustained on appeal, if

8

any) to be unenforceable in any respect, the remainder of this Agreement shall remain unaffected and in full force and effect.

14. **COUNTERPARTS.**  This Agreement may be executed in any number of counterparts.  Any such counterpart, when executed, shall constitute an original of this Agreement, and all such counterparts together shall constitute an original of this Agreement, and all such counterparts together shall constitute one and the same Agreement.  Any photocopied, faxed, or emailed version of this Agreement bearing one or more authentic signatures shall be valid, binding, and admissible for all purposes as though original.

15. **FURTHER ASSURANCES.**  Each Party agrees to make, execute, and deliver such other instruments or documents, and to do or cause to be done such further or additional acts, as reasonably may be necessary in order to effectuate the purposes or to implement the terms of this Agreement.

16. **BINDING.**  This Agreement shall be binding upon and inure to the benefit of the Parties, their heirs, successors, and assigns.

17. **NO THIRD PARTY BENEFICIARIES.** Notwithstanding anything in this Agreement to the contrary, there are no intended third-party beneficiaries that may assert rights or defenses under this Agreement, except the Parties to this Agreement.

18. **WAIVER.**  No waiver of any provision of this Agreement shall be effective unless such waiver is in writing and signed by the waiving Party, and any such waiver shall not be deemed a waiver of any other provision of this Agreement.

19. **NO ADMISSION OF LIABILITY.**  This Agreement is in compromise of disputed claims, and neither the execution and delivery of this Agreement, nor the performance of any obligations thereunder, shall be construed as an admission of liability or wrongdoing or as an admission of any other matter on the part of any of the Parties, or any of them.

20. **CONSTRUCTION.**  This Agreement shall not be construed against any of the Parties and the rule of construing contract ambiguities against the party drafting the contract shall be inapplicable.

21. **EFFECT OF HEADING.**  The headings used in this Agreement are for convenience only and shall not affect the construction or interpretation of this Agreement.

22. **DISPUTE RESOLUTION.**  If a dispute arises between the Parties regarding the interpretation, performance, or enforcement of this Agreement, the Parties shall meet and confer within a reasonable time after either Party receives

written notice of a dispute provided in accordance with Section 23 of this Agreement.  The Parties shall endeavor in good faith to resolve any dispute during a meet-and-confer meeting.  In the event that the Parties are unable to resolve the dispute within a reasonable time after the meeting, Plaintiffs or the City may, pursuant to the Order, submit the matter to the District Court for review and decision.

23. **NOTICES.**  Any notice required under this Agreement shall be in writing and shall be delivered in-person, or with proof of receipt by a nationally recognized delivery service or by United States Certified Mail.  Notices are effective when received.  Either Party may change the name or address for receipt of notice by providing notice of such change to the other Party, without having to amend this Agreement.  The Parties shall deliver notices to the following persons and addresses:

    a.  <u>Notice to City</u>:

        i.  Office of the Los Angeles City Attorney
           Attn: Deputy City Attorney Felix Lebron
           City Hall East, Business and Complex Litigation Division
           200 N. Main Street, Room 675
           Los Angeles, CA 90012
           felix.lebron@lacity.org
           Tel: (213) 978-7559

        ii.  Office of the Los Angeles City Attorney
           Attn: Senior Assistant City Attorney Scott Marcus
           City Hall East, Civil Litigation Branch
           200 N. Main Street, Room 700
           Los Angeles, CA 90012
           scott.marcus@lacity.org
           Tel: (213) 978-4681

    b.  <u>Notice to Plaintiffs</u>:

        i.  Shayla Myers
           Legal Aid Foundation of Los Angeles
           7000 S. Broadway
           Los Angeles, CA  90013
           smyers@lafla.org
           Tel:  (213) 640-3983

        ii.  Catherine Sweetser
           Schonbrun Seplow Harris and Hoffman LLP

11543 W. Olympic Blvd.
Los Angeles, CA 90064
csweetser@sshhlaw.com
Tel:  (310) 396-0731

iii. Carol Sobel
Law Offices of Carol Sobel
725 Arizona Avenue, Suite 300
Santa Monica, CA 90401
carolsobellaw@gmail.com
Tel: 310-393-3055

**IN WITNESS WHEREOF,** the Parties hereto have caused this Agreement to be
duly executed and delivered as of the date first above written.

DATED: _5-17-19_

_Carl A Mitchell_
**CARL MITCHELL**

DATED: _5-17-19_

_Judy Coleman_
**JUDY COLEMAN**

DATED: _5-20/2019_

_Salvador Roque_
**SALVADOR ROQUE**

DATED: _4-26-19_

**LOS ANGELES CATHOLIC WORKER**

By: _Catherine Morris_

Printed: _CATHERINE MORRIS_

Its: _____

DATED: _____

**CANGRESS**

By: _____

Printed: _____

Its: _____

DATED: _____

**THE CITY OF LOS ANGELES**

By: _____

Printed: _____

Its: _____

Reviewed and approved as to form and content:

12

**IN WITNESS WHEREOF,** the Parties hereto have caused this Agreement to be duly executed and delivered as of the date first above written.

DATED:_____          _____

                             **CARL MITCHELL**

DATED:_____          _____

                             **JUDY COLEMAN**

DATED:_____          _____

                             **SALVADOR ROQUE**

DATED:_____          **LOS ANGELES CATHOLIC WORKER**

                             By:_____

                             Printed:_____

                             Its:_____

DATED:__05/21/2019__        **CANGRESS**

                             By:_____

                             Printed:__Pete White_____

                             Its:__Executive Director_____

DATED:_____          **THE CITY OF LOS ANGELES**

                             By:_____

                             Printed:_____

                             Its:_____

Reviewed and approved as to form and content:

**IN WITNESS WHEREOF,** the Parties hereto have caused this Agreement to be duly executed and delivered as of the date first above written.

DATED:_____        _____

                        **CARL MITCHELL**

DATED:_____        _____

                        **JUDY COLEMAN**

DATED:_____        _____

                        **SALVADOR ROQUE**

DATED:_____        **LOS ANGELES CATHOLIC WORKER**

                        By:_____

                        Printed:_____

                        Its:_____

DATED:_____        **CANGRESS**

                        By:_____

                        Printed:_____

                        Its:_____

DATED: 5·22·19          **THE CITY OF LOS ANGELES**

                        By: _Scott Maras_____

                        Printed: _Scott Maras_____

                        Its: _Senior Assistant City Attorney_

Reviewed and approved as to form and content:

12

_Carol Sobel_ _____          _____

Carol Sobel                              Scott Marcus
Law Office of Carol Sobel               Los Angeles City Attorney's Office
Counsel for Plaintiffs                   Counsel for Defendants




_____
Catherine Sweetser
Law Offices of Schonbrun Seplow Harris and Hoffman
Counsel for Plaintiffs




_____
Shayla Myers
Legal Aid Foundation of Los Angeles
Counsel for Plaintiffs

_____          _____
Carol Sobel                              Scott Marcus
Law offices of Carol Sobel               Los Angeles City Attorney's Office
Counsel for Plaintiffs                   Counsel for Defendants




_____
Catherine Sweetser
Law Offices of Schonbrun Seplow Harris and Hoffman
Counsel for Plaintiffs




_____
Shayla Myers
Legal Aid Foundation of Los Angeles
Counsel for Plaintiffs

13

_____   _____
Carol Sobel           Scott Marcus
Law offices of Carol Sobel     Los Angeles City Attorney's Office
Counsel for Plaintiffs       Counsel for Defendants

_____
Catherine Sweetser
Law Offices of Schonbrun Seplow Harris and Hoffman
Counsel for Plaintiffs

_____
Shayla Myers
Legal Aid Foundation of Los Angeles
Counsel for Plaintiffs

_____

Carol Sobel
Law offices of Carol Sobel
Counsel for Plaintiffs

_____

Scott Marcus
Los Angeles City Attorney's Office
Counsel for Defendants

_____

Catherine Sweetser
Law Offices of Schonbrun Seplow Harris and Hoffman
Counsel for Plaintiffs

_____

Shayla Myers
Legal Aid Foundation of Los Angeles
Counsel for Plaintiffs

13

EXHIBIT A

1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

## CENTRAL DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| CARL MITCHELL, MICHEAL ESCOBEDO, SALVADOR ROQUE, JUDY COLEMAN, as individuals; LOS ANGELES CATHOLIC WORKER, CANGRESS, as organizations,<br><br>　　　　　　PLAINTIFFS,<br><br>　　v.<br><br>CITY OF LOS ANGELES, a municipal entity; LT. ANDREW MATHIS, SGT. HAMER and SGT. RICHTER, in their individual and official capacities,<br><br>　　　　　　DEFENDANTS. | **CASE NO. CV16-01750 SJO (JPRx)**<br>*[Assigned to the Honorable S. James Otero, Courtroom 1]*<br><br>**[Proposed] STIPULATED ORDER OF DISMISSAL**<br><br>**Action Filed: March 14, 2016** |

**STIPULATED ORDER OF DISMISSAL**

On March 14, 2016, plaintiffs Carl Mitchell, Judy Coleman, Michael Escobeda, Sal Roque, the Los Angeles Catholic Worker, and Cangress ("Plaintiffs") filed the above-captioned against the City of Los Angeles ("City"), Lieutenant Andrew Mathis, Sergeant Hamer, and Sergeant Richter (collectively with the City the "Defendants").  Plaintiffs alleged that the City unlawfully seized, destroyed, and/or failed to preserve or store property located in the Skid Row area of downtown Los Angeles belonging to homeless individuals in violation of, among other things, the Fourth and Fourteenth Amendments of the United States Constitution and state and federal disability laws.  Defendants denied all material allegations in the complaint.

On April 13, 2016, this Court entered a Preliminary Injunction against enjoining the City and its agents and employees relating to the seizure, destruction, and/or storage of property located in Skid Row or its surrounding areas, incident to an arrest or as part of a clean-up of an area where homeless people are located.  [ECF Dkt. No. 51].  On September 25, 2016, this Court further addressed the terms of the preliminary injunction in an order denying Defendants' Motion for Clarification of the Preliminary Injunction Order.  [ECF Dkt. No. 102].

Following extensive discussions, the Parties subsequently reached a settlement resolving the disputed claims in this Action.  A copy of the executed Settlement and Release Agreement ("Settlement Agreement") is attached hereto as Exhibit A, the terms of which are expressly incorporated herein by reference.

The Court hereby expressly retains jurisdiction to resolve any future disputes regarding the interpretation, performance, or enforcement of the Settlement Agreement for a period of no more than three (3) years from the date of this Order. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994); *Flanagan v. Arnaiz*, 143 F.3d 540, 544 (9th Cir. 1998).

**NOW THEREFORE**, pursuant to Federal Rule of Civil Procedure 41(a)(2), and good cause appearing therefore, the Court HEREBY ORDERS AND DECREES the following:

**STIPULATED ORDER OF DISMISSAL**

1.    The Court's Preliminary Injunction dated April 13, 2016 is hereby dissolved in its entirety.

2.    The Court expressly incorporates all of the terms of the Settlement Agreement, attached as Exhibit A, into this Order, including all non-monetary terms outlined in Section 4 of the Settlement Agreement.

3.    The Court expressly retains exclusive jurisdiction for a period of three (3) years from the date of this Order to enforce the Settlement Agreement, and to resolve any future disputes regarding interpretation, performance, or enforcement of the Agreement, including and expressly, the non-monetary terms set forth in the Agreement.

4.    The Parties shall comply with the Dispute Resolution procedures in the Settlement Agreement before seeking Court intervention to address any disputes related to the Settlement Agreement.

5.    Except as may be provided otherwise in the Settlement Agreement, each side shall bear their own fees and costs in this Action.

6.    This entire Action is hereby dismissed with prejudice as to all Defendants.

**IT IS SO ORDERED**.

Dated:

_____
Hon. S. James Otero
Judge, United States District Court

**STIPULATED ORDER OF DISMISSAL**

**APPROVED AS TO FORM:**

Dated: _____          LOS ANGELES CITY ATTORNEY'S OFFICE

                                By: _____/s/_____
                                    FELIX LEBRON
                                    Deputy City Attorney

                                    Attorney for Defendants
                                    City of Los Angeles, Lt. Andrew Mathes,
                                    Sgt. Richter, and Sgt. Hamer

Dated: _____          SCHONBRUN SEPLOW HARRIS &
                                HOFFMAN LLP

                                By: _____/s/_____
                                    CATHERINE SWEETSER

                                    Attorneys for Plaintiffs

Dated: _____          LAW OFFICE OF CAROL A. SOBEL

                                By: _____/s/_____
                                    CAROL A. SOBEL

                                    Attorneys for Plaintiffs

Dated: _____          LEGAL AID FOUNDATION OF LOS
                                ANGELES

                                By: _____/s/_____
                                    SHAYLA R. MYERS

                                    Attorneys for Plaintiffs Carl Mitchell, Judy
                                    Coleman, Michael Escobedo, CANGRESS,
                                    and Los Angeles Catholic Worker

[All parties have authorized the use of their electronic signatures for this document.]

3

**STIPULATED ORDER OF DISMISSAL**

EXHIBIT B

# SKID ROW AND SURROUNDING AREA



**SKID ROW**
NORTH - 3RD STREET
WEST - MAIN STREET
EAST - ALAMEDA STREET
SOUTH - 7TH STREET

**SURROUNDING AREA**
NORTH - 2ND STREET
WEST - SPRING STREET
EAST - ALAMEDA STREET
SOUTH - 8TH STREET