SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
1990 S. Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone: (310) 826-4700
Facsimile: (310) 826-4711
mumhofer@spertuslaw.com
emitchell@spertuslaw.com

*Attorneys for Intervenors DTLA ALLIANCE FOR HUMAN RIGHTS, JOSEPH BURK, HARRY TASHDIJIAN, KARYN PINSKY, CHARLES MALOW, and CHARLES VAN SCOY*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| CARL MITCHELL, MICHAEL ESCOBEDO, SALVADOR ROQUE, JUDY COLEMAN, as individuals; LOS ANGELES CATHOLIC WORKER, CANGRESS, as organizations,<br><br>PLAINTIFFS,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity; LT. ANDREW MATHIS, SGT. HAMER and SGT. RICHTER, in their individual and official capacities,<br><br>DEFENDANTS. | Case No. CV16-01750 SJO (JPRx)<br>*[Assigned to the Honorable S. James Otero, Courtroom 10C]*<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE FOR LIMITED PURPOSE OF OBJECTING TO SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE: August 12, 2019<br>TIME: 10:00 a.m.<br>COURT: Courtroom 10C |

PROPOSED INTERVENORS DTLA ALLIANCE FOR HUMAN RIGHTS, JOSEPH BURK, HARRY TASHDIJIAN, KARYN PINSKY, CHARLES MALOW, and CHARLES VAN SCOY hereby submit the following Memorandum of Points and Authorities in Reply to Plaintiff Carl Mitchell, et al's Opposition to Proposed Intervenors' Motion to Intervene for the limited purpose of objecting to the settlement.

# MEMORANDUM OF POINTS AND AUTHORITIES

Nothing in the Plaintiffs' opposition alters the fact that Applicants have met the required elements, and must be allowed to intervene. Fed. R. Civ. P. 24(a)(2) ("[T]he court <u>must</u> permit anyone to intervene who . . ." meets the required elements.) (emphasis added).

### A. Applicants' Intervention Is Timely as a Matter of Law.

Plaintiffs' opposition fails to address the binding decisions that indisputably permit intervention after a settlement deal is sealed.[1] Those decisions—by the Ninth Circuit and other courts—leave no question that post-judgment settlement challenges are permitted. Plaintiffs' failure to grapple with those compelling cases is fatal to their opposition.

In dispensing with Plaintiffs' timeliness contentions, the Court need look no further than the Ninth Circuit's holding that "until parties have notice that the government may not be representing their interests, parties are entitled to rely on the presumption that the government is representing their interests." *United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002). Here, the applicants were entitled to rely on that representation until May 29, 2019—the date the Applicants learned the terms of the settlement and that the government was not representing their interests. The Applicants moved to intervene within just weeks of learning that the city was no longer representing their interests, and were timely in doing so.

Plaintiffs insist the Applicants should have moved sooner because the settlement was previously placed on Council's agenda for "<u>closed-session</u>" (i.e. secret) discussion. That very argument was rejected by the Ninth Circuit in *Carpenter*:

> **The intervenors acted as soon as they had notice that the proposed settlement was contrary to their interests.** The mediation

---

[1] See Reply to City's Opposition to Motion to Intervene, concurrently filed herewith, at 1-2 Applicants incorporate by reference the Reply to the City's Opposition to the Motion to Intervene, filed concurrently with this Reply.

proceedings had been conducted under an order of confidentiality and the settlement negotiations were not conducted in open court. **By entering into confidential settlement discussions the government does not give notice that it may not be adequately representing the interests of any group of citizens.**

298 F.3d at 1125 (emphasis added). Here, the mere fact that the government signaled it was in settlement discussions "does not give notice" that it wasn't representing the Applicants' interests. Nor were the Applicants given notice when the City Council authorized the City Attorney to approve the settlement on March 6 of this year because no terms were provided.

The two news articles Plaintiffs claim put the Applicants on notice contained no description of potential settlement terms—just speculation and assertions about whether the agreement would make things worse for Skid Row. *Cf Orange Cty v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986) ("The progress of the negotiations was chronicled by the press."). Indeed, the press reports actually prove the Applicants' point: members of the public were greatly concerned about this issue and attempted at every juncture to obtain details about the settlement but were consistently refused. The suggestion that the Applicants should have moved sooner—when the parties concealed their actions from the public and delayed publicizing the terms of the settlement until it was allegedly too late for the Applicants to intervene—is disingenuous at best. Viewing the totality of the circumstances, the length of delay was minimal and reason for delay – reliance on government representation – lawful and reasonable under the circumstances.

### 1. Parties Will Suffer Little Prejudice from the Delay in Moving to Intervene.

Plaintiffs' howl of prejudice is hollow—they neither articulate nor offer evidence of any prejudice beyond their perturbation that the applicants are intervening. They insist that intervention "ignores the cost to the individual Plaintiffs" and they would be prejudiced by the "additional time and lack of finality" and "disrupting the balance" struck. (Pls.' Opp'n 18:12-19.) But those vague assertions

fail to articulate exactly how they will be prejudiced by these things, what the actual cost would be, or why any of this would be caused by the "delay" as opposed to the intervention itself. *EEOC v. Georgia-Pac. Corrugated LLC*, No. C 07-03944 SBA, 2008 WL 11388687, at *7 (N.D. Cal. Apr. 9, 2008) ("The focus . . . 'is whether existing parties may be prejudiced by the delay in moving to intervene, not [on] the intervention itself. . .'"). And Plaintiffs fail to address their own part in causing the "delay" by conducting confidential settlement discussions and declining to disclose terms prior to May 29.

### B.  Proposed Intervenors Have a Significantly Protectible Interest.

The flaws in Plaintiffs' opposition extend to their failure to make a dent in Applicants' showing of their "significant protectible interest[s]" in this settlement. *City of Los Angeles*, 288 F.3d at 398. [2]  These are not "undifferentiated, generalized" interests as Plaintiffs suggest, but are specific to each applicant. (Pls.' Opp'n 7:21-23.)

Applicants have submitted actual evidence of Joseph Burke's loss of business, loss of tenants, and inability to sell his property—an interest clearly not shared by "tens of thousands of others." (Burk Decl, ECF 120-3, ¶¶ 5-14, 28-37.) The same goes for other evidence, like Harry Tashdijian's expenditure of $77,000 for an upgraded fire and security system (Tashdijian Decl, ECF 120-3 ¶¶13-14), Mark Shinbane's loss of 25-40% of employment candidates for his business due to the conditions surrounding the property (Shinbane Decl, ECF 120-3 ¶ 12), Larry Rauch's threatened loss of health certification to his cold storage business due and doubling security costs (Rauch Decl, ECF 120-3 ¶¶ 9-15), and Charles Van Scoy's effective

---

[2] An interest in the property of the four individuals who filed the initial complaint is not required for applicants to intervene, as Plaintiffs suggest; applicants are entitled to intervene in the phase of litigation in which they do have an interest. *See, e.g. United States v. City of Los Angeles*, 288 F.3d 391, 401-02 (9th Cir. 2002) (police league had right to intervene despite no protectible interest in liability because it did have an interest in the remedies being sought); *United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 707 (11th Cir. 1991) ("A nonparty may have a sufficient interest for some issues in a case but not others, and the court may limit intervention accordingly."), *aff'd in part, rev'd in part*, 28 F.3d 1563 (11th Cir. 1994).

imprisonment in his own home due to the property build-up on the sidewalks. (Van Scoy Decl, ECF 12-3, ¶¶ 6-13.) Beyond this, Applicants have specific and legally protectible interests in the public and private nuisances facing each of them individually, as described in the evidence submitted to the court, triggered by the City's unlawful agreement. *See Kempton v. City of Los Angeles*, 165 Cal. App. 4th 1344, 1349 (2008) ("Government liability. . . may be based upon public nuisances per se . . . Such an action would not force the City to prosecute others for nuisance on private property, but rather require City to take such action as is necessary so that it no longer suffers a nuisance on its own property."); *see also Solid Waste Agency of N. Cook Cty. v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 507 (7th Cir. 1996) (intervention appropriate where impairment of rights affects "legally protected interest (protected by the law of nuisance)").[3]

### C. Settlement of This Lawsuit on Proposed Terms Will Adversely Affect Applicants' Interests Unless Intervention is Allowed.

Critically, none of the parties make any effort to dispute the evidence of the decline in conditions in Skid Row, because they cannot. Despite this, Plaintiffs insist that the "parade of horribles" pointed to by Applicants are unrelated to this case. (Pls.' Opp'n 11:2-6). But the facts speak for themselves. The events that have followed this Court's 2016 injunction against the enforcement of property limits has had consequences. Permitting people to accumulate nearly unlimited amounts of property has predictably led to unusable sidewalks and significant fire hazards. (Mot; ECF 120, 5-8, 15-17.) Trash, food, urine, and feces builds up and serves as a petri dish for disease. Tents stay up all day, serving as a cover for all manner of criminal activity. As a result, disease is rampant, crime on and by homeless has increased, narcotics use

---

[3] Plaintiffs' argument that Applicants cannot have a protectible interest in unconstitutional activity presupposes the City's actions were unconstitutional which has never been established. No court in any circuit has found that any person has a right to accumulate unlimited property on a public right-of-way. *See, e.g. Lavan v. City of Los Angeles*, 693 F.3d 1022, 1033 (9th Cir. 2012) (The order did not establish "any purported right to use public sidewalks as personal storage facilities.").

and sales have exploded, and homeless are dying in record numbers. Applicants, many of whom have been in the area for decades, have never seen conditions worse than they are today.  The fact is conditions today are drastically worse than they were three years ago, that change in condition can be directly tied to the sharp increase in property accumulation on the street, and the evidence shows Applicants have been severely affected as a result.  Because the settlement largely tracks the injunction, it follows that Applicants' interests will continue to be affected therefrom.

This evidence demonstrates that the Applicants are people and entities who "would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (citing Fed. R. Civ. P. 24, advisory committee notes).

### D. Alternatively, Applicants Should be Permitted to Intervene Under Federal Rule of Civil Procedure 24(b)(1)(b).

Even if intervention were not appropriate under Rule 24(b)(1)(A), it should be permitted under Rule 24(b)(1)(B), as the Applicants meet every one of the criteria for permissive intervention. *Donnelly v. Glickman,* 159 F.3d 405, 412 (9th Cir. 1998):

1. There is a common question of law or fact insofar as the "constitutionality of the City's treatment of homeless people's belongings" (Pls.' Opp'n 20:2-3), and Applicants' interests are both directly affected by the Court's answer to that question.
2. The motion is timely because, under *Carpenter*, the parties moved as soon as they had notice the government no longer represented its interests (discussed *supra* Part A).
3. The Court has an independent basis for jurisdiction over the claims because the Court has jurisdiction over the underlying claims that led to the settlement to which the Applicants seek to object.

For all the reasons articulated herein, applicants respectfully request the Court grant them limited intervention to object to this settlement.

Dated: July 29, 2019

*/s/ Elizabeth A. Mitchell*
SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)

*Attorneys for [Proposed] Intervenors*