SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)
1990 S. Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone: (310) 826-4700
Facsimile: (310) 826-4711
mumhofer@spertuslaw.com
emitchell@spertuslaw.com

*Attorneys for Intervenors DTLA ALLIANCE FOR HUMAN RIGHTS, JOSEPH BURK, HARRY TASHDIJIAN, KARYN PINSKY, CHARLES MALOW, and CHARLES VAN SCOY*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARL MITCHELL, MICHAEL ESCOBEDO, SALVADOR ROQUE, JUDY COLEMAN, as individuals; LOS ANGELES CATHOLIC WORKER, CANGRESS, as organizations,<br><br>PLAINTIFFS,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity; LT. ANDREW MATHIS, SGT. HAMER and SGT. RICHTER, in their individual and official capacities,<br><br>DEFENDANTS. | Case No. CV16-01750 SJO (JPRx)<br>*[Assigned to the Honorable S. James Otero, Courtroom 10C]*<br><br>**REPLY TO DEFENDANTS CITY OF LOS ANGELES, ET AL.'S OPPOSITION TO PROPOSED INTERVENORS' MOTION TO INTERVENE FOR LIMITED PURPOSE OF OBJECTING TO SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS**<br><br>DATE: August 12, 2019<br>TIME: 10:00 a.m.<br>COURT: Courtroom 10C |

PROPOSED INTERVENORS DTLA ALLIANCE FOR HUMAN RIGHTS, JOSEPH BURK, HARRY TASHDIJIAN, KARYN PINSKY, CHARLES MALOW, and CHARLES VAN SCOY hereby submit the following Memorandum of Points and Authorities in Reply to Defendant CITY OF LOS ANGELES, et al's Opposition to Proposed Intervenors' Motion to Intervene for the limited purpose of objecting to the settlement:

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants' opposition fails to rebut the Applicants' robust factual and legal showing in support of their motion to intervene. Because the Applicants satisfy every criterion for intervention, the motion should be granted.[1]

### A. This Application is Timely.[2]

Defendants claim the application is late, but the Ninth Circuit begs to differ. On several occasions, the Ninth Circuit has specifically permitted post-judgment intervention. *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 853-54 (9th Cir. 2016) (Appellants permitted to intervene "approximately twenty years after its commencement, and seventeen years after the adoption of the first Consent Decree" because the consent decree was renegotiated); *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1393 (9th Cir. 1992) (Government permitted to intervene "after judgment had been entered against the sole remaining defendant . . . [because] [t]he general rule [is] that a post-judgment motion to intervene is timely if filed within the time allowed for the filing of an appeal.") (second alteration in original) (citations omitted); *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir. 1978) ("Intervention after entry of a consent decree is reserved for exceptional cases. Intervention of right motions, however, should be treated more leniently than permissive intervention motions because serious harm is more likely.") (citations omitted); *Leisnoi, Inc. v. United States,* 313 F.3d 1181, 1184 n.4 (9th Cir. 2002) (refusing to dismiss for mootness despite underlying case having been dismissed because appellant's motion "might not be moot if intervention would permit him to appeal the judgment of dismissal.").

---

[1] Applicants incorporate by reference the Reply to the Plaintiff's Opposition to the Motion to Intervene, filed concurrently with this Reply.

[2] The bulk of Defendants' argument on timeliness is outside the twenty-page limit imposed by this court (Standing Order ¶ 24). Therefore, Applicants only address the timeliness arguments contained within the first twenty pages; namely Art. III jurisdiction. Likewise Applicants do not address Defendants' arguments regarding permissive intervention.

1

Case No. CV16-01750 SJO (JPRx)
NOTICE OF MOTION AND MOTION TO INTERVENE FOR LIMITED PURPOSE OF OBJECTING TO PROPOSED SETTLEMENT

The Ninth Circuit is not alone in allowing post-judgment settlement challenges. *See, e.g., Odle v. Flores*, 683 F. App'x 288, 289 (5th Cir. 2017) ("[t]he district court has jurisdiction to consider the would-be intervenors' motion" even where motion to intervene came after Rule 41(a)(1) stipulated dismissal); *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008) ("nothing in Rule 24(a) precludes postjudgment or even post-appeal intervention."); *Fleming v. Citizens for Albemarle, Inc.*, 577 F.2d 236, 238 (4th Cir. 1978) (intervention "not precluded . . . [just] because motion was not made until after a final decree had been entered."); *Atl. Mut. Ins. Co v. Nw. Airlines, Inc.*, 24 F.3d 958, 960-62 (7th Cir. 1994) ([T]he court may annul the settlement in order to give all interested persons adequate opportunity to participate in the negotiations and proceedings.")

***Even if the Ninth Circuit hadn't been so clear that intervention here is timely, this Court*** "expressly retain[ed] jurisdiction to resolve any future disputes regarding the interpretation, performance, or enforcement of the Settlement Agreement for a period of no more than three (3) years from the date of [the] order." (*See* Dismissal 1:21-23, ECF No. 119.) Defendants insist that express retention only permits the <u>parties</u> to petition the Court because it "is a separate contract dispute requiring its own independent basis for jurisdiction." (*See* City's Opp'n 13:13-14.) But the Dismissal Order does not contain Defendants' parties-only limitation, and Defendants provide no other authority for that contention. And the *Flanagan* case cited in the Stipulated Order of Dismissal specifically recognizes that jurisdiction exists if the court includes retention language:

> Enforcement of a settlement agreement is more than just a continuation or renewal of jurisdiction and hence requires its own basis for jurisdiction. **Such a basis for jurisdiction may be furnished by separate provision (such as a provision retaining jurisdiction over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.**

*Flanagan v. Arnaiz*, 143 F.3d 540, 544 (9th Cir. 1998) (emphasis added) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378 (1994)). Because the Court

2

Case No. CV16-01750 SJO (JPRx)
NOTICE OF MOTION AND MOTION TO INTERVENE FOR LIMITED PURPOSE OF OBJECTING TO PROPOSED SETTLEMENT

retained specific authority to adjudicate issues related to the settlement, the Court has specific authority to adjudicate this motion to intervene.³

The cases Defendants rely upon have no application here. In *Canatella v. California*, 404 F.3d 1106 (9th Cir. 2005), the court approved denial of intervention <u>not</u> because of any dismissal, but because the court lacked jurisdiction over the subject matter. *Id*. at 1113 ("Because Rule 24 cannot extend federal jurisdiction and *Younger* abstention imposes mandatory limits on the federal courts' ability to exercise jurisdiction, **we hold that intervention as of right cannot be used to circumvent *Younger* abstention**.") (emphasis added). The court also noted that intervention could still be permissible under circumstances similar to this case, stating "the intervention controversy [is] still alive because, if it were concluded on appeal that the district court had erred in denying the intervention motion, and that the applicant was indeed entitled to intervene in the litigation, then the applicant would have standing to appeal the district court's judgment." *Id*. at 1109 n.1 (citation omitted).

Defendants do not cite a single case that is in a similar procedural posture or that is even directly analogous to this one. Applicants have cited ample authority vindicating the proposition that post-judgment intervention is entirely appropriate, especially when courts have done what the Court did here: retained jurisdiction to preside over the settlement.

---

³ To the extent Defendants argue this settlement agreement is a contract, it is necessarily void to the extent it violates the law. *League of Residential Neighborhood Advocates v. City of Los Angeles*, 498 F.3d 1052, 1055 (9th Cir. 2007) ("A federal consent decree or settlement agreement cannot be a means for state officials to evade state law."); Cal. Civ. Code § 1608 ("If any part of a single consideration for one or more objects, or of several considerations for a single object, is unlawful, the entire contract is void."). Moreover, *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) was cited by Plaintiff for the proposition that "[a] motion to enforce the settlement agreement . . . is a separate contract dispute requiring its own independent basis for jurisdiction" [City's Opp'n 12:13-14], yet that case specifically held that the court lacked jurisdiction to preside over a settlement dispute ONLY because "the Dismissal neither expressly reserves jurisdiction nor incorporates the terms of the settlement agreement." *Id*. (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995)). Here the order did exactly that: reserved jurisdiction AND incorporated the terms of the settlement agreement—thereby maintaining jurisdiction to adjudicate these issues.

### B. Proposed Intervenors Have a Significantly Protectible Interest.

Contrary to Defendants' contentions, each applicant has outlined in detail their "significantly protectible interest" in this settlement. Defendants' attempt to mischaracterize intervenors' interests as "complaints [regarding] (i) the failure to prosecute homeless individuals for violations of LAMC § 56.11 and (ii) the City's allocation of resources to address homelessness, cleanups and abatement" ignores the facts and the law. (*See* City's Opp'n 18:11-14.)

At the outset, Defendants confuse Article III jurisdiction with Applicants' proposed objections to the settlement agreement. In *Diamond v. Charles*, 476 U.S. 54 (1986)—heavily relied on by Defendants—a doctor contended his general interest in enforcing anti-abortion laws was enough to establish his jurisdiction to intervene. *Id*. at 64 ("Diamond claims that his interests in enforcement permit him to defend the Abortion Law"). In contrast, Applicants have demonstrated a necessary stake in this litigation due to its significant effect of the settlement on their <u>personal</u> property, economic, and welfare rights. (*See* Reply to Pls.' Opp'n.) The two are inapposite.

Moreover, proposed intervenors have no quarrel with the City's failure to prosecute a person or allocation of resources; instead, the intervenors object to the prohibited, *ultra vires* act of the City tying its own hands and the unlawful nature of the settlement. Unlike *Diamond*, were Applicants to prevail in their motion for relief, no prosecution would be compelled or even asked for—the parties would simply be required to find another solution that doesn't violate state and federal law.[4]

---

[4] Ironically, Defendants claim "[r]esolving the issues that create or arise out of homelessness, is a problem that will not and cannot be solved by federal courts, but by the representative and co-equal branches of government" [City's Opp'n 16:25-27] yet by this settlement that is exactly what the parties have done: Los Angeles Municipal Code Section 56.11 was the result of years of discussion, input, and negotiations with and between members of the public, homeless advocates, businesses, and elected representatives to come up with a workable solution for everyone. All that work has been undone by a single back-room agreement amongst private actors while actively preventing the public from discovering it until it's "too late".

4

Case No. CV16-01750 SJO (JPRx)
NOTICE OF MOTION AND MOTION TO INTERVENE FOR LIMITED PURPOSE OF OBJECTING TO PROPOSED SETTLEMENT

### C. Settlement of This Lawsuit on Proposed Terms Will Adversely Affect Applicants' Interests Unless Intervention is Allowed.

Defendants also fail to overcome the presumption that the Applicants' protectable interests will be injured by the settlement. *See Jackson v. Abercrombie*, 282 F.R.D. 507, 517 (D. Haw. 2012) ("Generally, after determining that the applicant has a protectable interest, courts have 'little difficulty concluding' that the disposition of the case may affect such interest.") (citing *Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006).

Defendants contend this Court lacks Article III jurisdiction over the federal claims, and insist that the Applicants may adjudicate their Brown Act, civil code, and state law violations in a separate action.[5] As discussed *supra*, Defendants' jurisdictional argument is misguided, and all state-based issues raised by Applicants would necessarily invalidate the settlement agreement, so this is the appropriate forum to raise these concerns. *See, e.g. Nat. Res. Def. Council, Inc. v. City of Long Beach*, Case No. CV 10-826 CAS (PJWx), 2010 WL 11595729, at *2 (C.D. Cal. Dec. 13, 2010) ("[T]he proper way for plaintiffs to have challenged the settlement agreement at issue in the instance case is by way of a motion pursuant to Rule 60(b)(4).").

### D. The Existing Parties Do Not Adequately Represent Applicants' Interests.

Defendants also fail to undermine the Applicants' showing that their interests are not adequately represented. Proposed intervenors clearly meet the standard under *Arakaki* because they are making arguments Defendants "undoubtedly" are not, much less "capable and willing" to, and Applicants are providing "necessary input" to the proceedings that the parties already have "neglect[ed]" when they refused to seek public input on this issue. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).

---

[5] Defendants impliedly concede that this element has been established for the non-state related complaints, and that Applicants meet the statutory requirement for an "interest" in the state claims.

5

Case No. CV16-01750 SJO (JPRx)
NOTICE OF MOTION AND MOTION TO INTERVENE FOR LIMITED PURPOSE OF OBJECTING TO PROPOSED SETTLEMENT

For all the reasons articulated herein, applicants respectfully request the Court grant them limited intervention to object to this settlement.

Dated: July 29, 2019

*/s/ Elizabeth A. Mitchell*
SPERTUS, LANDES & UMHOFER, LLP
Matthew Donald Umhofer (SBN 206607)
Elizabeth A. Mitchell (SBN 251139)

*Attorneys for [Proposed] Intervenors*

6

Case No. CV16-01750 SJO (JPRx)
NOTICE OF MOTION AND MOTION TO INTERVENE FOR LIMITED PURPOSE OF OBJECTING TO PROPOSED SETTLEMENT